IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellerbrock Family Trust, LLC; Belmont Strategic Income Fund, LP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McGladrey & Pullen, LLP,<br><br>Defendant. | Case No. 08-cv-05370-JRT-FLN<br><br>CLASS ACTION<br><br>**DEFENDANT MCGLADREY & PULLEN, LLP'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Defendant McGladrey & Pullen, LLP ("M&P") hereby answers the Amended Class Action Complaint filed by Plaintiffs Ellerbrock Family Trust, LLC and Belmont Strategic Income Fund, LP.

This Answer is based upon M&P's investigation to date, and M&P reserves the right to amend during the course of the litigation as new information is learned. All allegations not specifically admitted are denied.

## INTRODUCTION

1. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, for that reason, denies them.

2. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, for that reason, denies them.

1

3. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, for that reason, denies them.

4. The first sentence of Paragraph 4 states a legal conclusion as to which no response is required. The remainder of Paragraph 4 is denied.

**PARTIES**

5. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, for that reason, denies them.

6. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, for that reason, denies them.

7. Admitted.

**JURISDICTION AND VENUE**

8. The first sentence of Paragraph 8 states a legal conclusion as to which no response is required. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, for that reason, denies them.

9. Paragraph 9 states a legal conclusion as to which no response is required.

**FACTUAL BACKGROUND**

**The Ellerbrock Investments**

10. Admitted that Lancelot Investors Fund, L.P. ("Lancelot I") is based in Northbrook, Illinois and served as an investment vehicle for its general and limited partners. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, for that reason, denies them.

11. Admitted that Lancelot Investment Management, L.L.C. is the General Partner of Lancelot I, that the General Partner has full management authority over Lancelot I, and that Gregory Bell is the principal and Manager of Lancelot Investment Management, L.L.C. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, for that reason, denies them.

12. Admitted that Lancelot I was formed on September 12, 2001. Admitted that Lancelot I invested in short-term trade finance notes. Admitted that the short-term trade finance notes evidenced loans made by Lancelot I to special purpose vehicles. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, for that reason, denies them.

13. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, for that reason, denies them.

14. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, for that reason, denies them.

15. Admitted that Colossus commenced activities on January 1, 2005. Admitted that Colossus Capital Fund, L.P. ("Colossus") invested in asset-backed loans and related investments. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, for that reason, denies them.

16. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, for that reason, denies them.

17. M&P is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, for that reason, denies them.

### The Belmont Investments

18. Admitted that Lancelot Investors Fund II, L.P. ("Lancelot II") was formed in January 2003. Admitted that Lancelot II invested in asset-backed loans and related investments. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and, for that reason, denies them.

19. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, for that reason, denies them.

20. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, for that reason, denies them.

### M&P's Role in Lancelot I and II and Colossus

21. Admitted that on November 1, 2006, M&P purchased certain assets of Altschuler, Melvoin & Glasser, LLP ("AMG"). Admitted that in announcing that asset purchase, M&P stated that AMG has "a long reputation of quality, expertise and care and concern for its clients and people that fits perfectly with the culture of M&P." The remainder of Paragraph 21 is denied.

22. Admitted that AMG audited the Lancelot I financial statements for fiscal years 2002, 2003, 2004, and 2005; that AMG audited the Lancelot II financial statements for fiscal years 2003, 2004, and 2005; and that AMG audited the Colossus financial statements for fiscal year 2005. The opinions issued by AMG for these audits speak for themselves. Admitted that M&P audited the Lancelot I financial statements for fiscal years 2006 and 2007; that M&P audited the Lancelot II financial statements for fiscal years 2006 and 2007; and that M&P

audited the Colossus financial statements for fiscal years 2006 and 2007. The opinions issued by M&P for these audits speak for themselves. The remainder of Paragraph 22 is denied.

23. The Lancelot I financial statements speak for themselves, as does the opinion on those financial statements issued by M&P for the fiscal year 2007 audit.

24. The Lancelot II financial statements speak for themselves, as does the opinion on those financial statements issued by M&P for the fiscal year 2007 audit.

25. The Colossus financial statements speak for themselves, as does the opinion on those financial statements issued by M&P for the fiscal year 2007 audit.

26. The prior years' financial statements for Lancelot I, Lancelot II, and Colossus all speak for themselves. The remainder of Paragraph 26 is denied.

### Recent Events: Disclosure of the Fraud

27. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, for that reason, denies them.

28. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, for that reason, denies them. If such a Criminal Information exists, the document speaks for itself.

29. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, for that reason, denies them. If such an email exists, the document speaks for itself.

30. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, for that reason, denies them. If such an email exists, the document speaks for itself.

31. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, for that reason, denies them. The Thousand Lakes LLC bankruptcy petition speaks for itself.

32. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, for that reason, denies them.

33. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, for that reason, denies them.

34. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, for that reason, denies them. The email referenced in the last sentence of Paragraph 34 speaks for itself.

## The Criminal Proceedings

35. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, for that reason, denies them. The Affidavit of Special Agent Timothy Bisswurm speaks for itself.

36. M&P is without personal knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, for that reason, denies them.

## Class Action Allegations

37. Paragraph 37 contains no factual allegations requiring a response.

38. The first sentence of Paragraph 38 is denied. M&P is without personal knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, for that reason, denies them.

39. Denied.

40. The first clause of Paragraph 40 is denied. M&P is without knowledge or information sufficient to form a belief as to the truth of the second clause of Paragraph 40 and, for that reason, denies it.

41. Denied.

42. Denied.

43. Denied.

## Cause of Action: Professional Negligence

44. M&P incorporates by reference its responses to the allegations in Paragraphs 1 through 43.

45. The M&P audit opinions speak for themselves. The remainder of Paragraph 45 is denied.

46. Admitted that certified public accountants are required to follow generally accepted auditing standards ("GAAS") in forming an opinion whether financial statements are fairly stated in accordance with generally accepted accounting standards ("GAAP").

47. The requirements for the performance of an audit are established by GAAS, and those standards speak for themselves. How those standards apply to any particular audit will vary depending upon circumstances and the auditor's exercise of professional judgment.

48. Denied.

49. Denied.

50. Denied.

## PRAYER FOR RELIEF

M&P denies that Plaintiffs and the other putative class members are entitled to the certification of a class, judgment in this action, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

M&P asserts the following defenses and affirmative defenses without assuming the burden of proof as to any issue or element that otherwise rests with Plaintiffs.

### First Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

This action may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### Third Defense

M&P owes no legal duty to Plaintiffs or the putative class.

### Fourth Defense

M&P is not liable for the alleged acts of AMG.

### Fifth Defense

M&P performed its audit work on the Lancelot I, Lancelot II, and Colossus audits in accordance with GAAS, and therefore did not breach any professional duty.

### Sixth Defense

M&P did not cause, in whole or in part, any of the losses or damages alleged to have been suffered by Plaintiffs and the putative class.

**Seventh Defense**

Any losses or damages sustained by Plaintiffs and the putative class were the result of intervening or superseding causes for which M&P is not responsible.

**Eighth Defense**

Plaintiffs and some or all of the putative class are barred from any recovery due to their own negligence. To the extent that such claims are not barred in whole, any recovery is reduced due to the negligence of Plaintiffs and some or all of the putative class.

**Ninth Defense**

The claims of Plaintiffs and some or all of the putative class are derivative in nature, and Plaintiffs therefore lack standing to bring them directly.

**Tenth Defense**

The claims of Plaintiffs and some or all of the putative class are not ripe.

**Eleventh Defense**

Plaintiffs and some or all of the putative class members are barred from recovery by the applicable statute of limitations, statute of repose, or both.

\* \* \*

M&P reserves the right to assert any and all other defenses or affirmative defenses that may become available during the course of discovery or trial.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), M&P demands a trial by jury on all issues so triable.

WHEREFORE, having fully answered all of the allegations of the Amended Class Action Complaint to which any answer was required, M&P prays that the Amended Class Action Complaint be dismissed with prejudice and that M&P be awarded costs and expenses incurred as a result of having to defend this action.

Dated: December 5, 2008

>WILLIAMS & CONNOLLY LLP
>
>By: /s/ Katherine M. Turner
>
>Steven M. Farina (admitted pro hac vice)
>Thomas H.L. Selby (admitted pro hac vice)
>Katherine M. Turner (admitted pro hac vice)
>>725 Twelfth Street, NW
>>Washington, DC 20005
>>(202) 434-5000 (telephone)
>>(202) 434-5029 (facsimile)
>>Email: sfarina@wc.com
>>Email: tselby@wc.com
>>Email: kturner@wc.com
>
>MOSS & BARNETT, PA
>Thomas J. Shroyer (MN #100638)
>>4800 Wells Fargo Center
>>90 South Seventh Street
>>Minneapolis, MN 55402-4129
>>(612) 877-5281 (telephone)
>>(612) 877-5999 (facsimile)
>>Email: shroyert@moss-barnett.com
>
>*Counsel for McGladrey & Pullen, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2008, I caused **Defendant McGladrey & Pullen, LLP's Answer to Plaintiffs' Amended Class Action Complaint** to be filed electronically with the Clerk of the Court through the CM/ECF system and that the CM/ECF system will email notification of such filing to the following counsel for Plaintiffs Ellerbrock Family Trust, LLC and Belmont Strategic Income Fund, LP:

> Geoffrey P. Jarpe (gjarpe@winthrop.com)
> Robert R. Weinstine (rweinstine@winthrop.com)
> William A. McNab (wmcnab@winthrop.com)
> WINTHROP & WEINSTINE, P.A.
> 225 South Sixth Street, Suite 3500
> Minneapolis, MN 55402-4629
> (612) 604-6400 (telephone)
> (612) 604-6800 (facsimile)

> By: /s/ Katherine M. Turner
> Katherine M. Turner (admitted pro hac vice)
> WILLIAMS & CONNOLLY LLP
> 725 12th Street NW
> Washington, DC 20005
> (202) 434-5487 (telephone)
> (202) 434-5029 (facsimile)
> Email: kturner@wc.com