UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellerbrock Family Trust, LLC; Belmont Strategic Income Fund, LP, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>McGladrey & Pullen, LLP,<br><br>   Defendant. | Case No. 08-cv-05370-JRT-FLN<br><br>**<u>JOINT RULE 26(f) REPORT</u>** |

  The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on December 23, 2008, and prepared the following report.

  The pretrial conference in this matter is scheduled for January 16, 2009 at 9:00 a.m. before United States Magistrate Judge Franklin L. Noel in chambers at Suite 9W, United States Courthouse, Minneapolis, Minnesota. The parties do not request that the pretrial conference be held by telephone.

**(a)**  **Description of Case.**

  **(1)**  **Concise factual summary of Plaintiffs' claims.**

  Plaintiffs were investors in three limited partnerships (Lancelot Investors Fund, LP; Lancelot Investors Fund II, LP; and Colossus Capital Fund, LP), the general partners of which invested heavily in a massive fraudulent Ponzi scheme perpetrated by Thomas J. Petters and others. As the Court well knows, Mr. Petters and his cohorts and companies are the subjects of numerous civil and criminal proceedings pending in this Court and the U.S. Bankruptcy Court for this District.

  Plaintiffs contend that Defendant and a predecessor certified public accounting firm negligently failed to follow generally accepted auditing standards over the several years that they audited the partnerships' financial statements. Moreover, in every instance, Defendant's audit reports were addressed directly "to the

partners" of each partnership, including Plaintiffs. In every year, Defendant issued unqualified opinions that the assets and liabilities of the partnerships were fairly stated in accordance with generally accepted accounting principles, when they were not. To the contrary, the assets were nearly entirely fictitious and fraudulent. As a result, Plaintiffs' investments are worth substantially less than represented in the financial statements, if not worthless.

Altogether, there are over 200 partners in the three partnerships. Accordingly, Plaintiffs bring this case as a class action. Common facts and issues, most notably those surrounding the performance of the audits, predominate.

**(2) Concise factual summary of Defendant's claims/defenses.**

Defendant McGladrey & Pullen, LLP ("M&P") served as the independent auditor for Lancelot Investors Fund, L.P., Lancelot Investors Fund II, L.P., and Colossus Capital Fund, L.P., for fiscal years 2006 and 2007. M&P did not serve as the auditor for these funds in any of the prior years encompassed by Plaintiffs' putative class (2002, 2003, 2004 and 2005). Nor did M&P audit any of the Petters companies responsible for the alleged Ponzi scheme.

M&P maintains that its audits of the Lancelot and Colossus funds were in conformance with professional auditing standards (*i.e.*, GAAS). M&P further maintains that it did not breach any duty owed to any of the investors in the Lancelot or Colossus funds. M&P's other defenses include standing, causation, comparative fault, proximate cause, and damages.

Finally, M&P contends that the claim asserted in this action is inappropriate for class action treatment, and that Plaintiffs cannot meet their burden of establishing the requirements of Rule 23. Consistent with the language of Rule 23, Plaintiffs' motion for class certification should be briefed and decided at "[a]n early practicable time" in this litigation.

**(3) Statement of jurisdiction (including statutory citations).**

28 U.S.C. § 1332(d) and §§ 1711 et seq.

**(4) Statement of factual stipulations or agreements.**

None at this time.

**(5) Statement of whether a jury trial has been timely demanded by any party.**

All parties have demanded a jury trial.

**(b) Pleadings.**

**(1) Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action.**

All process have been served and all pleadings filed. There is currently no plan to amend pleadings or add additional parties to the action, but all parties reserve their ability to do so.

**(2) Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard.**

May 15, 2009.

**(c) Discovery Limitations.**

**(1)** The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) Interrogatories: Plaintiffs, 50; Defendant, 50.

(B) Document Requests: Plaintiffs, 150; Defendant, 150.

(C) Factual Depositions: Plaintiffs and Defendant each shall have a limit of 40 total deposition days. A deposition day is 7 hours of testimony. Plaintiffs and Defendant may use their budgeted deposition days in half-day increments (*i.e.*, 3.5 hours of testimony). Time used by a party at depositions shall count against that party's budgeted deposition days regardless of which party notices the deposition or is the first to question the witness. The parties shall act in good faith to implement these limits, schedule depositions, determine the sequence of questioning, etc.

(D) Requests for Admissions: Plaintiffs, 75; Defendant, 75.

(E) Rule 35 Medical Examinations: NA.

(F) Other: None at this time.

**(d) Discovery Schedule/Deadlines.**[1]

    (1) The parties recommend that the Court establish the following discovery and class certification deadlines:

        (A) November 20, 2009: Deadline for completion of fact discovery.

        (B) Rule 35 Medical Examinations: NA.

    (2) The parties will likely agree on a Form 6 Stipulation for Protective Order.

**(e) Experts.**

The parties anticipate that they will require expert witnesses at the time of the trial.

    (1) Plaintiffs anticipate calling 3-4 experts in the fields of public accounting, generally accepted auditing standards, the standard of care, Defendant's acts and omissions, and damages.

    (2) Defendant anticipates calling 3-4 experts in the fields of generally accepted auditing standards, the standard of care, investment funds and investor due diligence, causation, and damages. Defendant also may rely upon expert testimony in connection with Plaintiffs' Motion for Class Certification.

    (3) The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2) as modified by Local Rule 26.3:

        (A) Deadlines for all parties identification of expert witnesses (initial and rebuttal):

        September 1, 2009: Plaintiffs
        October 1, 2009: Defendant

        (B) Deadlines for completion of discovery of the substance of expert witness opinions (reports):

---

[1] These deadlines assume that timely discovery of the underlying facts will be possible despite the pending criminal proceedings involving Mr. Petters, his companies, and others, as well as the pending bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Illinois (Jointly Administered Case No. 08-28255) involving the Lancelot and Colossus funds. The deadlines may need to be modified in the event that the criminal proceedings and/or bankruptcy proceedings present significant obstacles to discovery.

December 18, 2009: Plaintiffs
January 22, 2010: Defendants

(C) Deadlines for completion of expert witness depositions: February 19, 2010.

**(f) Motion Schedule.**

(1) The parties recommend that motions be filed and served on or before the following date:

(A) Plaintiffs' Motion for Class Certification: June 5, 2009; Defendant's Opposition: July 10, 2009; Plaintiffs' Reply: July 31, 2009.

(B) Motion for Summary Judgment: March 8, 2010; Opposition: March 29, 2010; Reply: April 12, 2010.

**(g) Trial-Ready Date.**

(1) The parties agree that the case will be ready for trial on or after June 11, 2010.

(2) A final pretrial conference should be held on or before May 21, 2010.

**(h) Insurance Carrier/Indemnitors/Coverage Amounts.**

M&P has a total of $65,000,000 in insurance coverage provided in layers by a syndicate of the following carriers, in the following order: Lexington Insurance Company, Max Bermuda Ltd., Interstate Fire and Casualty, Illinois Union Insurance Company, Ironshore Specialty Insurance Company, Columbia Casualty Insurance Company, Lloyd's, Gotham Insurance Company, Nautilis Insurance Company, and ACE Global Markets. There is a $15,000,000 deductible in the aggregate and, in addition, a $5,000,000 deductible per claim. M&P also has $20,000,000 in reinstatement insurance, provided by Swiss Re International SE and Allied World Assurance Company (Bermuda). The reinstatement insurance is available only for subsequent claims in the event that the $65,000,000 in total coverage is exhausted by a single claim.

**(i) Settlement.**

(1) The parties will discuss settlement before January 16, 2009, the date of the initial pretrial conference.

(2) The parties believe that a settlement conference is appropriate and should be scheduled by the Court on or before December 10, 2009.

5

(3) The parties have discussed whether Alternative Dispute Resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court: A settlement conference conducted by Magistrate Judge Noel to be followed, if agreeable to the parties, by mediation with a private neutral.

**(j)** **Trial By Magistrate Judge.**

(1) The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c).


Dated: January 6, 2009       s/Geoffrey P. Jarpe
                             Geoffrey P. Jarpe, #0049761
                             Robert R. Weinstine, #0115435
                             William A. McNab, #0320924
                             Jessica S. Karich, #0387156
                             Winthrop & Weinstine, P.A.
                             225 South Sixth Street, Suite 3500
                             Minneapolis, MN 55402-4629
                             Telephone: (612) 604-6400
                             Facsimile: (612) 604-6800
                             gjarpe@winthrop.com

                             **Attorneys for Plaintiffs**

Dated: January 6, 2009       s/Thomas J. Shroyer
                             Thomas J. Shroyer, #100638
                             Moss & Barnett, PA
                             4800 Wells Fargo Center
                             90 South Seventh Street
                             Minneapolis, MN 55402-4129
                             Telephone: (612) 877-5281
                             Facsimile: (612) 877-5999
                             shroyert@moss-barnett.com

Dated: January 6, 2009    <u>s/Steven M. Farina</u>
Steven M. Farina (admitted pro hac vice)
Joseph M. Terry (admitted pro hac vice)
Katherine M. Turner (admitted pro hac vice)
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
sfarina@wc.com
jterry@wc.com
kturner@wc.com

**Attorneys for Defendant**

4222895v2