UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., **Overtime Pay Litigation** | CASE NO. 07-MD-01849 (JNE) |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION OF THE PARTIES TO APPROVE THE SETTLEMENTS OF THEIR FLSA CLAIMS AND LAWSUITS**

Plaintiffs and Defendant C. H. Robinson Worldwide, Inc. ("CHRW") (collectively, the "Parties") jointly submit this memorandum of law in support of the Joint Motion of the Parties to Approve the Settlement of Their FLSA Claims and Lawsuits (the "Joint Motion").[1]

## INTRODUCTION

The Parties have resolved their differences by negotiating individual Settlement Agreements (the "Agreements") that embody reasonable compromises that are fair to the Parties and are in the best interests of the Plaintiffs. The Agreements are the result of months of arduous, arm's-length bargaining between the Parties. They reflect a desire by

---

[1] This joint motion and supporting memorandum of law are conditioned upon this Court also granting all Parties' pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Motion To Dismiss Claims Of Opt-In Plaintiffs With Prejudice For Want Of Prosecution, as well as the Parties' Joint Motion To Bind Certain Male Plaintiffs To The General Waiver And Release Provisions Of The Settlement Agreements. Should the Court deny all or any part of any such pending motion, the joint motion and supporting memorandum of law to approve the settlements are withdrawn.

the Parties to fully and finally settle and compromise the Plaintiffs' claims, as outlined more specifically in the Agreements.

On July 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that the 102[2] FLSA lawsuits against Defendant be consolidated in this Court for purposes of approving the Parties' Agreements. The Parties are now before this Court to seek that approval.[3]

### STATEMENT OF FACTS

**I.     The Parties**

Plaintiffs are approximately 525 individuals currently or formerly employed by Defendant. On or about November 28, 2006, Plaintiffs filed complaints in the United States District Courts for the District of Minnesota and the Northern District of Illinois, alleging in part that they were improperly classified as exempt under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and worked hours for which they were not properly paid. Defendant denied the allegations in Plaintiffs' complaints. Ultimately, Plaintiffs brought 102 such lawsuits, all of which are now before this Court. (*See* Schedule of Consolidated Actions, attached to the Joint Motion as Exhibit 1).

---

[2] While the JPML's order encompassed 100 cases, it also designated two others as potential "tag-along" cases under the JPML's rules. Pursuant to those rules, the parties have jointly asked the court to transfer these two cases to this Court in addition to the 100 cases encompassed in the order.

[3] A copy of the JPML's Order consolidating these cases is attached to the accompanying Joint Motion as Exhibit 2. A Settlement Agreement between Defendant and Plaintiff Justin Accola is attached to the Declarations of the Parties' counsel, Gerald L. Maatman, Steven M. Sprenger, and Larry P. Schaefer; which are attached to the Joint Motion as Exhibits 3, 4, and 5, respectively. As stated in those Declarations, Plaintiff Justin Accola's Settlement Agreement is generally identical to all other Settlement Agreements for the remaining Plaintiffs in all material respects, except as to each Plaintiff's name and in some instances dollar amounts received.

CH1 11224843.14 / SL 74610

## II. The Parties' Respective Claims And Defenses

Plaintiffs have made certain allegations and accusations concerning their employment with Defendant. Specifically, Plaintiffs allege that Defendant misclassified Plaintiffs as exempt employees for purposes of the FLSA. Plaintiffs further allege that Defendant required them to work in excess of forty hours per week on a regular basis. Based on these allegations, Plaintiffs claim that Defendant failed to pay Plaintiffs at the FLSA-prescribed overtime pay rate for hours allegedly worked in excess of forty hours per week.

Defendant denies all the material allegations set forth in Plaintiffs' complaints.

## III. The Proposed Settlements Of Plaintiffs' Claims

Over the course of several months, the Parties participated in private, arm's-length settlement negotiations and, as a result of such negotiations, have agreed to settle all Plaintiffs' claims. *See* Maatman Declaration, ¶¶ 8, 9 (attached to Joint Motion as Exhibit 3); Sprenger Declaration, ¶¶ 9, 10 (attached to Joint Motion as Exhibit 4); Schaefer Declaration, ¶¶ 9, 10 (attached to Joint Motion as Exhibit 5). These settlements were reached in full compliance with Rule 1.8 of the Rules of Professional Conduct. Before signing his or her Settlement Agreement, every Plaintiff was informed of the existence and nature of the claims of the other Plaintiffs represented by the same counsel, including the monetary amount of their respective individual settlements based on a complex

settlement formula.[4] *See* Sprenger Declaration, ¶ 11; Schaefer Declaration, ¶ 11. All Plaintiffs have provided written, informed consent to proceed with settlement. *See* Sprenger Declaration, ¶ 11; Schaefer Declaration, ¶ 11.

Pursuant to the Settlement Agreements, Plaintiffs are receiving an aggregate amount of approximately $2,014,057[5], including fees and costs, in exchange for releasing their claims against Defendant. *See* Maatman Declaration, ¶ 11; Sprenger Declaration, ¶ 13; Schaefer Declaration, ¶ 13. In arriving at these terms, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of the Plaintiffs' claims with prejudice. Maatman Declaration, ¶ 12; Sprenger Declaration, ¶ 14; Schaefer Declaration, ¶ 14. The Parties have concluded that the Settlement Agreements are fair, reasonable, adequate, and in the Parties' mutual best interests. Maatman Declaration, ¶ 12; Sprenger Declaration, ¶ 14; Schaefer Declaration, ¶ 14. For the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement of each individual Plaintiff's claims as fair and reasonable.

---

[4] The settlement formula was not used to resolve the claims of the plaintiffs currently employed by CHRW. Rather, those claims were resolved through individual negotiations before the parties began discussions concerning a formulaic settlement.

[5] The $2,014,057 approximate settlement figure is derived from the global settlement between CHRW and three groups of plaintiffs represented by Sprenger & Lang, as well as CHRW and two groups of plaintiffs represented by Mansfield Tanick & Cohen.

**ARGUMENT**

IV.  **The Proposed Settlements Are Fair And Reasonable And Should Be Approved By The Court**

It is settled law that employees and employers may settle private lawsuits for compensation due under the FLSA pursuant to a judicially supervised stipulated settlement.  *See, e.g.*, *Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brask v. Heartland Automotive Services, Inc.,* No. 06-11 (RHK/AJB), 2006 WL 2524212, at *1-2 (D. Minn. Aug. 15, 2006); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683, at *10-11 (E.D. Cal. Jan. 25, 2007); *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 155 L.Ed.2d 1065, 123 S. Ct. 2092 (2003) (citing *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947) and *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947)); *see also Keith v. Rensch*, No. 59 Civ. 1294 (CCH), 1960 U.S. Dist. LEXIS 3886 (N.D. Ill. May 31, 1960).

The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair and reasonable.  *Schulte*, 328 U.S. 108; *Lynn's Food Stores*, 679 F.2d at 1353; *Brask*, 2006 WL 2524212 at *2; *Pessoa, et al. v. Countrywide Home Loans, Inc.*, No. 07-1419-Orl-JGG, 2007 U.S. Dist. LEXIS 24076, at *6 (M.D. Fla. Apr. 2, 2007); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 604 n.2 (E.D. Va. 1999).  One factor the Court should consider when reviewing a settlement of an FLSA claim is whether there exists a *bona*

*fide* dispute as to the amount and/or right to such unpaid wages. *Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Brask*, 2006 WL 2524212 at *2; *Stalnaker*, 293 F. Supp. 2d at 1263. Other factors the Court may consider in determining whether a settlement is fair and reasonable are "(1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff[s'] success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6 (adopting factors used in approving class action settlements).

As set forth more fully below, consideration of these factors weighs entirely in favor of this Court's approval of the Parties' Settlement Agreements as fair and reasonable. Given the amount of money to be paid by Defendant under the Agreements, coupled with the numerous disputed issues among the Parties as to the amount of, and right to, the wages sought herein, the Parties believe that the proposed settlements are fair and reasonable and should be approved by the Court. Moreover, given the complexity, expense, and likely duration of litigating approximately 102 cases where the probability of Plaintiffs' success and the amount of recovery is uncertain, the Parties' Agreements are fair and reasonable at this stage of the proceedings.

> A. **The Settlement Amounts Are Fair**

Courts asked to give sanction to FLSA overtime settlement agreements operate under a "strong presumption in favor of finding a settlement fair." *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6 (approving parties' settlement agreement in a FLSA overtime

6

case) (citation omitted). Here, all Plaintiffs agree that the Settlement Agreements are fair. Each Plaintiff agreed to settle individually, and only after receiving information that disclosed the formula pursuant to which his or her individual settlement amount was calculated. *See* Sprenger Declaration, ¶ 11; Schaefer Declaration, ¶ 11. The settlement amounts Plaintiffs will receive, moreover, are substantial: pursuant to the agreements, Plaintiffs will receive an aggregate settlement amount of approximately $2,014,057 in exchange for settling their claims against Defendant. All Parties agree that this amount is fair. Given that all Parties agree that the settlements constitute a fair resolution of their disputes, and given the strong presumption favoring court approval of FLSA settlement agreements, *id.*, this Court has every reason to approve the Parties' Settlement Agreements.

B. **Numerous Disputed Issues Exist**

The aggregate settlement amount is especially reasonable given the numerous genuine issues in dispute between the Parties at this time, and the legitimate litigation risks that those issues present. In reviewing whether the settlement of a FLSA claim is fair, courts will consider whether *bona fide* disputes exist among the parties. *Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Brask*, 2006 WL 2524212 at *2; *Stalnaker*, 293 F. Supp. 2d at 1263. Here, the Parties have differing opinions regarding the merits of Plaintiffs' claims. At the same time, the Parties recognize the risks and costs inherent in further litigation and pursuing this matter through trial on the merits. Accordingly, in the interest of compromise, and to prevent further costly and time-consuming litigation, the parties agree that the proposed settlements are fair and

7

reasonable. Maatman Declaration, ¶ 12; Sprenger Declaration, ¶ 14; Schaefer Declaration, ¶ 14.

For example, the Parties dispute whether Plaintiffs were exempt from the overtime requirements of the FLSA, and thus whether Defendant can be liable for any of the settled claims. Maatman Declaration, ¶ 4; Sprenger Declaration, ¶ 4; Schaefer Declaration, ¶ 4. The Parties also dispute whether Plaintiffs worked more than forty hours per week. Maatman Declaration, ¶ 4; Sprenger Declaration, ¶ 4; Schaefer Declaration, ¶ 4. Under the FLSA, non-exempt employees are entitled to overtime compensation only for those hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). Thus, even if Plaintiffs succeeded in establishing that they were not exempt from the FLSA's requirements, they would still face the burden, and all the attendant litigation risks, of proving that they worked the requisite number of hours.

The Parties also dispute whether Plaintiffs are entitled to liquidated damages. Maatman Declaration, ¶ 4; Sprenger Declaration, ¶ 4; Schaefer Declaration, ¶ 4. Plaintiffs contend that Defendant knowingly violated the FLSA by failing to properly pay Plaintiffs, and thus, is liable for statutory liquidated damages under 29 U.S.C. § 216 (b). Defendant contends that it acted in good faith at all times and is not liable for liquidated damages. *See* 29 U.S.C. § 260; *see also Walton v. United Consumers Club*, 786 F.2d 303, 308 (7th Cir. 1986).

In addition, the Parties dispute whether the applicable statute of limitations is three years, or only two. Maatman Declaration, ¶ 4; Sprenger Declaration, ¶ 4; Schaefer Declaration, ¶ 4. Plaintiffs allege that Defendant willfully disregarded Plaintiffs' rights

8

by failing to take measures to ensure compliance with the FLSA and, therefore, that the FLSA limitations period is extended from two years to three under 29 U.S.C.A. § 255(a). Defendant not only denies Plaintiffs' allegations that it violated the FLSA in the first place, but also denies that it willfully disregarded Plaintiffs' rights under the FLSA. If Defendant were to prevail on this issue, all Plaintiffs' claims would be limited by the two-year statute of limitations—and some Plaintiffs would be barred entirely from any recovery.

The Parties also dispute what calculation, if any, should govern monies allegedly owed to Plaintiffs for hours worked in excess of forty per week. Maatman Declaration, ¶ 4; Sprenger Declaration, ¶ 4; Schaefer Declaration, ¶ 4. If Plaintiffs succeed in establishing that they were not exempt, and that they worked hours in excess of forty, and that they are not barred by the statute of limitations, they will still face Defendant's contention that the "fluctuating workweek" method of overtime payment should be used to calculate overtime. 29 C.F.R. 778.114; *Condo v. Sysco Corp.*, 1 F.3d 599, 601-02 (7th Cir. 1993). If the method applies, it stands to substantially reduce Plaintiffs' damages even further.

### C. Other Factors Favor Approval Of The Parties' Agreement

Analyzing other factors, the Court should approve the Parties' Agreements as they are fair and reasonable. There is no evidence of any fraud or collusion behind the Parties' Agreements. *See Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6. Furthermore, the complexity of the issues presented by pursuing 102 separate cases suggests that further litigation will be exceedingly time-consuming and costly. *See id.* In addition, based on

9

the discovery completed thus far, the probability of Plaintiffs' success on the merits is disputed by the Parties. As described above, the Parties disagree on a number of grounds as to whether Plaintiffs can recover anything. *See id.* For these reasons, all Parties agree that settlement of all claims is appropriate and that the Settlement Agreements are fair and reasonable under the circumstances. Maatman Declaration, ¶ 12; Sprenger Declaration, ¶ 14; Schaefer Declaration, ¶ 14.

Thus, given the many issues in dispute, the amount of money offered to Plaintiffs in the Parties' Settlement Agreements, and other considerations as outlined above, the Parties believe that the Settlement Agreements are fair and reasonable and should be approved by the Court, provided this Court also grants all Parties' pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Motion To Dismiss Claims Of Opt-In Plaintiffs With Prejudice For Want Of Prosecution, as well as the Parties' Joint Motion To Bind Certain Male Plaintiffs To The General Waiver And Release Provisions Of The Settlement Agreements.

## CONCLUSION

For the reasons set forth above, and provided this Court also grants all Parties' pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Motion To Dismiss Claims Of Opt-In Plaintiffs With Prejudice For Want Of Prosecution, as well as the Parties' Joint Motion To Bind Certain Male Plaintiffs To The General Waiver And Release Provisions Of The Settlement Agreements, the Parties request that the Court approve the Settlement Agreements settling all of the Plaintiffs' claims, and dismiss with prejudice this consolidated action, which includes all the actions listed in Exhibit 1 to the Joint Motion, and all claims asserted in those actions, with the Parties to bear their own attorneys' fees and costs except as agreed upon by the Parties.

Respectfully submitted,

s/Lawrence P. Schaefer
Lawrence P. Schaefer (MN # 195583)
Mansfield, Tanick & Cohen, P.A.
1700 U.S. Bank Plaza South
200 South Sixth Street
Minneapolis, Minnesota 55402-4511
Telephone (612) 341-1201
Fax: (612) 339-3161
E-mail: lschaefer@mansfieldtanick.com
*Counsel for Plaintiffs*

Date: November 29, 2007

s/ Steven M. Sprenger
Steven M. Sprenger (DC # 418736)
Sprenger & Lang, PLLC
1400 Eye Street N.W.
Suite 500
Washington, D.C. 20005
Telephone (202) 772-1160
Fax: (202) 332-6652
E-mail: ssprenger@sprengerlang.com
*Counsel for Plaintiffs*

Date: November 29, 2007


s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr. (IL # 0618016)
Richard P. McArdle (IL # 6212504)
Ernst H. Ostrand (IL # 6287029)
Seyfarth Shaw LLP
131 S. Dearborn St., Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: gmaatman@seyfarth.com
*Counsel for Defendant*

Date: November 29, 2007


s/ Janet C. Evans
Janet C. Evans (MN # 182734)
Thomas B. Hatch (MN # 150939)
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181
E-mail: jcevans@rkmc.com
*Counsel for Defendant*

Date: November 29, 2007