UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re C.H. Robinson Worldwide, Inc.,                 Case No. 07-md-1849 (JNE)
       Overtime Pay Litigation.

       The Court conditionally certified collective actions under the Fair Labor Standards Act. Later, the Court decertified the putative collective actions. Individuals who had opted to join the putative collective actions then filed separate actions in several districts. The Judicial Panel on Multidistrict Litigation transferred the actions to the District of Minnesota for coordinated or consolidated pretrial proceedings. The case is before the Court on a Joint Motion of the Parties to Approve the Settlements of Their FLSA Claims and Lawsuits.

       The parties condition their joint motion for settlement approval on the Court's grant of two other motions.[1] The first is C.H. Robinson Worldwide, Inc.'s motion to dismiss with prejudice claims of certain plaintiffs for lack of prosecution. The second is a joint motion to bind certain male plaintiffs to settlement agreements. The Court begins with C.H. Robinson Worldwide's motion to dismiss.

       C.H. Robinson Worldwide moves to dismiss with prejudice the claims of fourteen plaintiffs for lack of prosecution. No opposition to the motion has been filed. "If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal for failure to prosecute is a drastic and extremely harsh sanction. *Skelton v. Rapps*, 187 F.3d 902, 908 (8th Cir. 1999); *see Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). It should be used "only in cases . . . where a litigant exhibits a pattern of intentional delay." *Hunt*, 203 F.3d at 527. "Even where the facts might support dismissal

---

[1]     The joint motion for settlement approval states: "Should the Court deny all or any part of [the other two motions], the joint motion and supporting memorandum of law to approve the settlements are withdrawn."

with prejudice, this 'ultimate sanction . . . should only be used when lesser sanctions prove futile.'" *Id.* (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998)). In this case, the record reveals that dismissal with prejudice of the claims of the fourteen plaintiffs is not appropriate at this time. The Court therefore denies C.H. Robinson Worldwide's motion to dismiss. Consequently, the Court also denies the joint motion for settlement approval, the joint motion to bind certain male plaintiffs to settlement agreements, and C.H. Robinson Worldwide's supplemental motion regarding settlement approval.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The joint motion to bind certain male plaintiffs to settlement agreements [Docket No. 17] is DENIED.

2. C.H. Robinson Worldwide's motion to dismiss with prejudce claims of certain plaintiffs for lack of prosecution [Docket No. 20] is DENIED.

3. The joint motion to approve settlements [Docket No. 22] is DENIED.

4. C.H. Robinson Worldwide's supplemental motion regarding settlement approval [Docket No. 33] is DENIED.

Dated: December 20, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
