UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc.,<br><br>Overtime Pay Litigation | CASE NO. 07-MD-01849<br>(JNE) |

## RENEWED JOINT MOTION OF THE PARTIES TO APPROVE THE SETTLEMENTS OF THEIR FLSA CLAIMS AND LAWSUITS

Plaintiffs and Defendant C. H. Robinson Worldwide, Inc. ("Defendant" or "CHRW") renew their request that the Court approve the settlements of Plaintiffs' claims and dismiss such claims, along with Plaintiffs' lawsuits, with prejudice.[1] Plaintiffs and Defendant ("Parties") state as follows in support of their renewed motion:

1. On or about November 28, 2006, Plaintiffs filed complaints in the United States District Courts for the District of Minnesota and the Northern District of Illinois, alleging in part that Plaintiffs were improperly classified as exempt under the Fair Labor Standards Act ("FLSA") and worked hours for which they were not properly paid.

2. CHRW denies Plaintiffs' allegations.

---

[1] This renewed joint motion and its supporting memorandum of law are conditioned upon this Court also granting all Parties' renewed pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Renewed Motion to Dismiss Claims of Opt-in Plaintiffs with Prejudice for Want of Prosecution, as well as the Parties' Renewed Joint Motion to Bind Certain Male Plaintiffs to the General Waiver and Release Provisions of the Settlement Agreements. Should the Court deny all or any part of any such pending motion, the renewed joint motion and supporting memorandum of law to approve the settlements are withdrawn.

3. There are approximately 525 plaintiffs in 102 FLSA lawsuits against CHRW. The 102 FLSA lawsuits are listed in Exhibit 1, attached hereto.

4. Pursuant to motions to transfer filed by CHRW, judges in the Northern District of Illinois transferred most of these cases to approximately forty-five different federal districts across the country.

5. Prior to April 6, 2007, CHRW reached final settlements with five plaintiffs who were still actively employed by the Company. By April 6, 2007, CHRW reached final settlements with the approximately 200 women opt-in Plaintiffs who are represented by the law firm of Sprenger & Lang, PLLC. These settlements were reached in full compliance with Rule 1.8 of the Minnesota Rules of Professional Conduct. *See* Declaration of Gerald L. Maatman, ¶ 8 (attached hereto as Ex. 3, also previously filed as Docket No. 25, Attachment No. 3); Declaration of Steven M. Sprenger, ¶¶ 8 (fn. 1), 10, 11 (attached hereto as Ex. 4, also previously filed as Docket No. 25, Attachment No. 4).

6. By May 9, 2007, CHRW reached final settlements with the remaining men opt-in Plaintiffs, represented by the law firm of Mansfield Tanick & Cohen, P.A. These settlements were also reached in full compliance with Rule 1.8 of the Minnesota Rules of Professional Conduct. *See* Declaration of Gerald L. Maatman, ¶ 9; Declaration of Larry P. Schaefer, ¶¶ 8, (fn. 1) 10, 11 (attached hereto as Ex. 5, also previously filed as Docket No. 25, Attachment No. 5).

7. The Parties thus agree that, subject to Court approval, these disputes have been settled.

8. On July 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that the 102 FLSA lawsuits against Defendant be consolidated in this Court for

purposes of approving the Parties' settlements. A copy of the JPML's order is attached as Exhibit 2.

9. The Parties jointly moved the Court for approval of the settlements of the FLSA claims and lawsuits on November 29, 2007. (See Docket Nos. 22 – 27). On December 20, 2007, the Court denied that joint motion for approval of the settlements (Docket No. 38), and on December 21, 2007, the Court entered an Order Regarding Notice Requirements as to the 14 non-responsive opt-in Plaintiffs. (Docket No. 39).

10. In compliance with the Court's December 21, 2007 Order (Docket No. 39) concerning the 14 non-responsive opt-in Plaintiffs, Counsel for those 14 Plaintiffs sent each of them the Court's December 21, 2007 Order Requiring Response, a Notice of Required Response and another copy of each plaintiff's respective Settlement Agreement (with all attachments/exhibits) and a W-9 Form. The Notice Requiring Response and the cover letters sent to each of these 14 non-responsive Plaintiffs indicated that failure to respond could result in dismissal of their claims in this lawsuit with prejudice. Sprenger & Lang mailed these packages to the 12 non-responsive women opt-in Plaintiffs on December 26, 2007. Decl. of M. Thompson, ¶ 2 (attached hereto as Ex. 6). Mansfield, Tanick & Cohen mailed these packages to the 2 non-responsive male opt-in Plaintiffs on January 3, 2008. Decl. of L. Schaefer, ¶¶ 3-4 (attached hereto as Ex. 7). These packages were mailed to the last known addresses for these 14 previously non-responsive Plaintiffs. Thompson Decl. ¶¶ 3-14; Schaefer Decl. (Ex. 7), ¶¶ 2-4. As of the date of this renewed motion, six of the 12 women opt-in Plaintiffs have responded. Thompson Decl., ¶¶ 3-14 (Ex. 6). Four of the six women plaintiffs who responded indicated that they desired to settle their claims for the offered amounts and returned executed Settlement Agreements. Two have indicated that they desire to

3

dismiss their claims with prejudice, and a motion to dismiss these two claims is filed contemporaneously herewith. The remaining six of the 12 women opt-in Plaintiffs remain non-responsive and/or unlocatable. Thompson Decl. ¶¶ 3, 5-6, 9, 12 and 14 (Ex. 6). Neither of the male opt-in Plaintiffs responded to this Notice and Order Requiring Response. Schaefer Decl. (Ex. 7), ¶¶ 2-4. Counsel for the two non-responsive men opt-in Plaintiffs and the six remaining non-responsive women opt-in Plaintiffs have also, since the mailing, attempted to contact each of these Plaintiffs via telephone without success. Thompson Decl., ¶¶ 3-14 (Ex. 6); Schaefer Decl., ¶¶ 3-4 (Ex. 7). Plaintiffs' Counsel has done everything possible to attempt to reach these non-responsive opt-in Plaintiffs with no success.

11. After complying with the Court's December 21, 2007 Order Regarding Notice Requirements, the Parties now renew their joint motion seeking Court approval of these settlements because this case includes claims under the FLSA.

12. Under the great weight of authority, claims under the FLSA may not be waived by purely private agreement. A valid waiver may be accomplished, however, by court approval of the settlement, especially with a finding that a settlement is fair, reasonable, and adequate. *E.g., Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1983); *Brask v. Heartland Automotive Services, Inc.*, No. 06-11 (RHK/AJB), 2006 WL 2524212, at *1-2 (D. Minn. Aug. 15, 2006). The Parties agree that their settlement agreements are fair, reasonable, and adequate. *See* Maatman Decl. (Ex. 3), ¶ 12; Sprenger Decl. (Ex. 4), ¶ 14; Schaefer Decl. (Ex. 5), ¶ 14. Accordingly, the Parties request that the Court approve those agreements and find them to be fair, reasonable, and adequate.

WHEREFORE, provided this Court also grants all Parties' renewed pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Renewed Motion to Dismiss Claims of Opt-In Plaintiffs with Prejudice for Want of Prosecution, as well as the Parties' Renewed Joint Motion to Bind Certain Male Plaintiffs to the General Waiver and Release Provisions of the Settlement Agreements, the Parties renew their request that the Court approve the individual settlement agreements settling all of the Plaintiffs' claims, and dismiss with prejudice this consolidated action, which includes all the actions listed in Exhibit 1, and all claims asserted in those actions, with the Parties to bear their own attorneys' fees and costs except as agreed upon by the Parties.

Dated: January 18, 2008                                   Respectfully submitted,

| | |
|---|---|
| s / Steven M. Sprenger<br>Steven M. Sprenger (DC # 418736)<br>Sprenger & Lang, PLLC<br>1400 Eye Street N.W.<br>Suite 500<br>Washington, D.C. 20005<br>Telephone (202) 772-1160<br>Fax: (202) 332-6652<br>E-mail: ssprenger@sprengerlang.com<br>*Counsel for Women Opt-In Plaintiffs* | s/ Mara R. Thompson<br>Mara R. Thompson (MN # 196125)<br>Sprenger & Lang, PLLC<br>310 Fourth Avenue South<br>Suite 600<br>Minneapolis, MN 55415<br>Telephone (612) 486-1820<br>Fax (612) 871-9270<br>E-mail: mthompson@sprengerlang.com<br>*Counsel for Women Opt-In Plaintiffs* |
| s/ Lawrence P. Schaefer<br>Lawrence P. Schaefer (MN # 195583)<br>Mansfield, Tanick & Cohen, P.A.<br>1700 U.S. Bank Plaza South<br>200 South Sixth Street<br>Minneapolis, Minnesota 55402-4511<br>Telephone (612) 341-1201<br>Fax: (612) 339-3161<br>E-mail: lschaefer@mansfieldtanick.com<br>*Counsel for Men Opt-In Plaintiffs* | |
| s/ Gerald L. Maatman, Jr.<br>Gerald L. Maatman, Jr. (IL # 0618016)<br>Richard P. McArdle (IL # 6216504)<br>Ernst H. Ostrand (IL # 6287029)<br>Seyfarth Shaw LLP<br>131 S. Dearborn St., Suite 2400<br>Chicago, Illinois 60603<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br>E-mail: gmaatman@seyfarth.com<br>*Counsel for Defendant* | s / Janet C. Evans<br>Janet C. Evans (MN # 182734)<br>Thomas B. Hatch (MN # 150939)<br>Robins, Kaplan, Miller & Ciresi LLP<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>Telephone: 612-349-8500<br>Facsimile: 612-339-4181<br>E-mail: jcevans@rkmc.com<br>*Counsel for Defendant* |