UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., <br><br> Overtime Pay Litigation | CASE NO. 07-MD-01849 <br> (JNE) |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF THE
RENEWED JOINT MOTION OF THE PARTIES TO APPROVE THE
SETTLEMENTS OF THEIR FLSA CLAIMS AND LAWSUITS**

Plaintiffs and Defendant C. H. Robinson Worldwide, Inc. ("CHRW") (collectively, the "Parties") jointly submit this memorandum of law in support of the Renewed Joint Motion of the Parties to Approve the Settlement of Their FLSA Claims and Lawsuits (the "Renewed Joint Motion").[1]

## INTRODUCTION

The Parties have resolved their differences by negotiating individual Settlement Agreements (the "Agreements") that embody reasonable compromises that are fair to the Parties and are in the best interests of the Plaintiffs. The Agreements are the result of months of arduous, arm's-length bargaining between the Parties. They reflect a desire by

---

[1] This renewed joint motion and supporting memorandum of law are conditioned upon this Court also granting all Parties' pending renewed motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Renewed Motion to Dismiss Claims of Opt-In Plaintiffs with Prejudice for Want of Prosecution, as well as the Parties' Renewed Joint Motion to Bind Certain Male Plaintiffs to the General Waiver and Release Provisions of the Settlement Agreements. Should the Court deny all or any part of any such pending motion, the renewed joint motion and supporting memorandum of law to approve the settlements are withdrawn.

the Parties to fully and finally settle and compromise the Plaintiffs' claims, as outlined more specifically in the Agreements.

On July 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that the 102[2] FLSA lawsuits against Defendant be consolidated in this Court for purposes of approving the Parties' Agreements. The Parties are now before this Court to seek that approval.[3]

## STATEMENT OF FACTS

### I. The Parties

Plaintiffs are approximately 525 individuals currently or formerly employed by Defendant. On or about November 28, 2006, Plaintiffs filed complaints in the United States District Courts for the District of Minnesota and the Northern District of Illinois, alleging in part that they were improperly classified as exempt under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and worked hours for which they were not properly paid. Defendant denied the allegations in Plaintiffs' complaints. Ultimately,

---

[2] While the JPML's order encompassed 100 cases, it also designated two others as potential "tag-along" cases under the JPML's rules. Pursuant to those rules, the parties have jointly asked the court to transfer these two cases to this Court in addition to the 100 cases encompassed in the order.

[3] A copy of the JPML's Order consolidating these cases is attached to the accompanying Renewed Joint Motion as Exhibit 2. A Settlement Agreement between Defendant and Plaintiff Justin Accola is attached to the Declarations of the Parties' counsel, Gerald L. Maatman, Steven M. Sprenger, and Larry P. Schaefer; which are attached to the Renewed Joint Motion as Exhibits 3, 4, and 5, respectively. As stated in those Declarations, Plaintiff Justin Accola's Settlement Agreement is generally identical to all other Settlement Agreements for the remaining Plaintiffs in all material respects, except as to each Plaintiff's name and in some instances dollar amounts received.

Plaintiffs brought 102 such lawsuits, all of which are now before this Court. (*See* Schedule of Consolidated Actions, attached to the Renewed Joint Motion as Exhibit 1).

**II.     The Parties Have Complied with the Court's Order Regarding Notice.**

On November 29, 2007, the Parties filed a joint motion for approval of the settlements of the FLSA claims and lawsuits. (See Docket Nos. 22 – 27). On December 20, 2007, the Court denied that joint motion for approval of the settlements (Docket No. 38) out of concern for the Motion to Dismiss Opt-In Plaintiffs for Want of Prosecution, and on December 21, 2007, the Court entered an Order Regarding Notice Requirements (Docket No. 39) regarding the 14 non-responsive opt-in Plaintiffs – the subjects of C.H. Robinson's Motion to Dismiss for Want of Prosecution (Docket No. 20).

In compliance with the Court's December 21, 2007 Order (Docket No. 39) regarding 14 non-responsive opt-in Plaintiffs, Counsel for those 14 Plaintiffs sent each of them the Court's December 21, 2007 Order Requiring Response, a Notice of Required Response and another copy of each plaintiff's respective Settlement Agreement (with all attachments/exhibits) and a W-9 Form. The Notice Requiring Response and the cover letters sent to each of these 14 non-responsive Plaintiffs indicated that failure to respond could result in dismissal of their claims in this lawsuit with prejudice. Sprenger & Lang mailed these packages to the 12 non-responsive women opt-in Plaintiffs on December 26, 2007. Decl. of M. Thompson, ¶ 2 (attached hereto as Ex. 6). Mansfield, Tanick & Cohen mailed these packages to the 2 non-responsive male opt-in Plaintiffs on January 3, 2008. Decl. of L. Schaefer, ¶¶ 3-4 (attached hereto as Ex. 7). These packages were mailed to the last known addresses for these 14 previously non-responsive Plaintiffs. Thompson

3

Decl. ¶¶ 3-14 (Ex. 6); Schaefer Decl. (Ex. 7), ¶¶ 2-4. As of the date of this renewed motion, six of the 12 women opt-in Plaintiffs have responded. Thompson Decl., ¶¶ 3-14 (Ex. 6). Four of the six women plaintiffs who responded indicated that they desired to settle their claims for the offered amounts and returned executed Settlement Agreements. Two have indicated that they desire to dismiss their claims with prejudice, and a motion to dismiss these two claims with prejudice is filed contemporaneously herewith. The remaining six of the 12 women opt-in Plaintiffs remain non-responsive and/or unlocatable. Thompson Decl. ¶¶ 3, 5-6, 9, 12 and 14 (Ex. 6). Neither of the male opt-in Plaintiffs responded to this Notice and Order Requiring Response. Schaefer Decl. (Ex. 7), ¶¶ 2-4. Counsel for the two non-responsive men opt-in Plaintiffs and the six remaining non-responsive women opt-in Plaintiffs have also, since the mailing, attempted to contact each of these Plaintiffs via telephone without success. Thompson Decl., ¶¶ 3-14 (Ex. 6); Schaefer Decl., ¶¶ 3-4 (Ex. 7). Plaintiffs' Counsel has done everything possible to attempt to reach these non-responsive opt-in Plaintiffs with no success.

After complying with the Court's December 21, 2007 Order Regarding Notice Requirements, the Parties have renewed their joint motion seeking Court approval of these settlements because this case includes claims under the FLSA.

### III. The Parties' Respective Claims and Defenses Support Court Approval of the Settlements.

Plaintiffs have made certain allegations and accusations concerning their employment with Defendant. Specifically, Plaintiffs allege that Defendant misclassified Plaintiffs as exempt employees for purposes of the FLSA. Plaintiffs further allege that Defendant required them to work in excess of forty hours per week on a regular basis.

4

Based on these allegations, Plaintiffs claim that Defendant failed to pay Plaintiffs at the FLSA-prescribed overtime pay rate for hours allegedly worked in excess of forty hours per week.

Defendant denies all the material allegations set forth in Plaintiffs' complaints.

## IV. The Proposed Settlements of Plaintiffs' Claims

Over the course of several months, the Parties participated in private, arm's-length settlement negotiations and, as a result of such negotiations, have agreed to settle all Plaintiffs' claims. *See* Maatman Decl., ¶¶ 8, 9 (attached to Renewed Joint Motion as Ex. 3, also previously filed at Docket No. 25, Attachment 3); Sprenger Decl., ¶¶ 9, 10 (attached to Renewed Joint Motion as Ex. 4, also previously filed at Docket No. 25, Attachment 4); Schaefer Decl., ¶¶ 9, 10 (attached to Joint Motion as Exhibit 5, also previously filed at Docket No. 25, Attachment 5). These settlements were reached in full compliance with Rule 1.8 of the Rules of Professional Conduct. Before signing his or her Settlement Agreement, every Plaintiff was informed of the existence and nature of the claims of the other Plaintiffs represented by the same counsel, including the monetary amount of their respective individual settlements based on a complex settlement formula.[4] *See* Sprenger Decl., ¶ 11 (Ex. 4); Schaefer Decl., ¶ 11 (Ex. 5). All Plaintiffs have provided written, informed consent to proceed with settlement. *See* Sprenger Decl., ¶ 11 (Ex. 4); Schaefer Decl., ¶ 11 (Ex. 5).

---

[4] The settlement formula was not used to resolve the claims of the plaintiffs currently employed by CHRW. Rather, those claims were resolved through individual negotiations before the parties began discussions concerning a formulaic settlement.

Pursuant to the Settlement Agreements, Plaintiffs are receiving an aggregate amount of approximately $2,014,057[5], including fees and costs, in exchange for releasing their claims against Defendant. *See* Maatman Decl., ¶ 11 (Ex. 3); Sprenger Decl., ¶ 13 (Ex. 4); Schaefer Decl., ¶ 13 (Ex. 5). In arriving at these terms, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of the Plaintiffs' claims with prejudice. Maatman Decl., ¶ 12 (Ex. 3); Sprenger Decl., ¶ 14 (Ex. 4); Schaefer Decl., ¶ 14 (Ex. 5). The Parties have concluded that the Settlement Agreements are fair, reasonable, adequate, and in the Parties' mutual best interests. Maatman Decl., ¶ 12 (Ex. 3); Sprenger Decl., ¶ 14 (Ex. 4); Schaefer Decl., ¶ 14 (Ex. 5). For the reasons set forth below, the Parties jointly and respectfully renew their request that the Court enter an Order approving the settlement of each individual Plaintiff's claims as fair and reasonable.

## ARGUMENT

**The Proposed Settlements Are Fair and Reasonable and Should Be Approved.**

It is settled law that employees and employers may settle private lawsuits for compensation due under the FLSA pursuant to a judicially supervised stipulated settlement. *See, e.g., Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brask v. Heartland Automotive*

---

[5] The $2,014,057 approximate settlement figure is derived from the global settlement between CHRW and three groups of plaintiffs represented by Sprenger & Lang, as well as two groups of plaintiffs represented by Mansfield Tanick & Cohen.

*Services, Inc.*, No. 06-11 (RHK/AJB), 2006 WL 2524212, at *1-2 (D. Minn. Aug. 15, 2006); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683, at *10-11 (E.D. Cal. Jan. 25, 2007); *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 155 L.Ed.2d 1065, 123 S. Ct. 2092 (2003) (citing *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947) and *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947)); *see also Keith v. Rensch*, No. 59 Civ. 1294 (CCH), 1960 U.S. Dist. LEXIS 3886 (N.D. Ill. May 31, 1960).

The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair and reasonable. *Schulte*, 328 U.S. 108; *Lynn's Food Stores*, 679 F.2d at 1353; *Brask*, 2006 WL 2524212 at *2; *Pessoa, et al. v. Countrywide Home Loans, Inc.*, No. 07-1419-Orl-JGG, 2007 U.S. Dist. LEXIS 24076, at *6 (M.D. Fla. Apr. 2, 2007); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 604 n.2 (E.D. Va. 1999). One factor the Court should consider when reviewing a settlement of an FLSA claim is whether there exists a *bona fide* dispute as to the amount and/or right to such unpaid wages. *Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Brask*, 2006 WL 2524212 at *2; *Stalnaker*, 293 F. Supp. 2d at 1263. Other factors the Court may consider in determining whether a settlement is fair and reasonable are "(1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff[s'] success on the merits; (5) the range of possible recovery; and (6) the opinions

7

of the counsel." *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6 (adopting factors used in approving class action settlements).

As set forth more fully below, consideration of these factors weighs entirely in favor of this Court's approval of the Parties' Settlement Agreements as fair and reasonable. Given the amount of money to be paid by Defendant under the Agreements, coupled with the numerous disputed issues among the Parties as to the amount of, and right to, the wages sought herein, the Parties believe that the proposed settlements are fair and reasonable and should be approved by the Court. Moreover, given the complexity, expense, and likely duration of litigating approximately 102 cases where the probability of Plaintiffs' success and the amount of recovery is uncertain, the Parties' Agreements are fair and reasonable at this stage of the proceedings.

### A. The Settlement Amounts Are Fair

Courts asked to give sanction to FLSA overtime settlement agreements operate under a "strong presumption in favor of finding a settlement fair." *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6 (approving parties' settlement agreement in a FLSA overtime case) (citation omitted). Here, all Plaintiffs agree that the Settlement Agreements are fair. Each Plaintiff agreed to settle individually, and only after receiving information that disclosed the formula pursuant to which his or her individual settlement amount was calculated. *See* Sprenger Decl., ¶ 11 (Ex. 4); Schaefer Decl., ¶ 11 (Ex. 5). The settlement amounts Plaintiffs will receive, moreover, are substantial: pursuant to the agreements, Plaintiffs will receive an aggregate settlement amount of approximately $2,014,057 in exchange for settling their claims against Defendant. All Parties agree that this amount is

fair. Given that all Parties agree that the settlements constitute a fair resolution of their disputes, and given the strong presumption favoring court approval of FLSA settlement agreements, *id.*, this Court has every reason to approve the Parties' Settlement Agreements.

## B. Numerous Disputed Issues Exist

The aggregate settlement amount is especially reasonable given the numerous genuine issues in dispute between the Parties at this time, and the legitimate litigation risks that those issues present. In reviewing whether the settlement of a FLSA claim is fair, courts will consider whether *bona fide* disputes exist among the parties. *Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Brask*, 2006 WL 2524212 at *2; *Stalnaker*, 293 F. Supp. 2d at 1263. Here, the Parties have differing opinions regarding the merits of Plaintiffs' claims. At the same time, the Parties recognize the risks and costs inherent in further litigation and pursuing this matter through trial on the merits. Accordingly, in the interest of compromise, and to prevent further costly and time-consuming litigation, the parties agree that the proposed settlements are fair and reasonable. Maatman Decl., ¶ 12 (Ex. 3); Sprenger Decl., ¶ 14 (Ex. 4); Schaefer Decl., ¶ 14 (Ex. 5).

For example, the Parties dispute whether Plaintiffs were exempt from the overtime requirements of the FLSA, and thus whether Defendant can be liable for any of the settled claims. Maatman Decl., ¶ 4 (Ex. 3); Sprenger Decl., ¶ 4 (Ex. 4); Schaefer Decl., ¶ 4 (Ex. 5). The Parties also dispute whether Plaintiffs worked more than forty hours per week. Maatman Decl., ¶ 4 (Ex. 3); Sprenger Decl., ¶ 4 (Ex. 4); Schaefer Decl., ¶ 4 (Ex.

5). Under the FLSA, non-exempt employees are entitled to overtime compensation only for those hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). Thus, even if Plaintiffs succeeded in establishing that they were not exempt from the FLSA's requirements, they would still face the burden, and all the attendant litigation risks, of proving that they worked the requisite number of hours.

The Parties also dispute whether Plaintiffs are entitled to liquidated damages. Maatman Decl., ¶ 4 (Ex. 3); Sprenger Decl., ¶ 4 (Ex. 4); Schaefer Decl., ¶ 4 (Ex. 5). Plaintiffs contend that Defendant knowingly violated the FLSA by failing to properly pay Plaintiffs, and thus, is liable for statutory liquidated damages under 29 U.S.C. § 216 (b). Defendant contends that it acted in good faith at all times and is not liable for liquidated damages. *See* 29 U.S.C. § 260; *see also Walton v. United Consumers Club*, 786 F.2d 303, 308 (7th Cir. 1986).

In addition, the Parties dispute whether the applicable statute of limitations is three years, or only two. Maatman Decl., ¶ 4 (Ex. 3); Sprenger Decl., ¶ 4 (Ex. 4); Schaefer Decl., ¶ 4 (Ex. 5). Plaintiffs allege that Defendant willfully disregarded Plaintiffs' rights by failing to take measures to ensure compliance with the FLSA and, therefore, that the FLSA limitations period is extended from two years to three under 29 U.S.C.A. § 255(a). Defendant not only denies Plaintiffs' allegations that it violated the FLSA in the first place, but also denies that it willfully disregarded Plaintiffs' rights under the FLSA. If Defendant were to prevail on this issue, all Plaintiffs' claims would be limited by the two-year statute of limitations—and some Plaintiffs would be barred entirely from any recovery.

The Parties also dispute what calculation, if any, should govern monies allegedly owed to Plaintiffs for hours worked in excess of forty per week. Maatman Decl., ¶ 4 (Ex. 3); Sprenger Decl., ¶ 4 (Ex. 4); Schaefer Decl., ¶ 4 (Ex. 5). If Plaintiffs succeed in establishing that they were not exempt, and that they worked hours in excess of forty, and that they are not barred by the statute of limitations, they will still face Defendant's contention that the "fluctuating workweek" method of overtime payment should be used to calculate overtime. 29 C.F.R. 778.114; *Condo v. Sysco Corp.*, 1 F.3d 599, 601-02 (7th Cir. 1993). If the method applies, it stands to substantially reduce Plaintiffs' damages even further.

### C. Other Factors Favor Approval of the Parties' Agreement

Analyzing other factors, the Court should approve the Parties' Agreements as they are fair and reasonable. There is no evidence of any fraud or collusion behind the Parties' Agreements. *See Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6. Furthermore, the complexity of the issues presented by pursuing 102 separate cases suggests that further litigation will be exceedingly time-consuming and costly. *See id.* In addition, based on the discovery completed thus far, the probability of Plaintiffs' success on the merits is disputed by the Parties. As described above, the Parties disagree on a number of grounds as to whether Plaintiffs can recover anything. *See id.* For these reasons, all Parties agree that settlement of all claims is appropriate and that the Settlement Agreements are fair and reasonable under the circumstances. Maatman Decl., ¶ 12 (Ex. 3); Sprenger Decl., ¶ 14 (Ex. 4); Schaefer Decl., ¶ 14 (Ex. 5).

Thus, given the many issues in dispute, the amount of money offered to Plaintiffs in the Parties' Settlement Agreements, and other considerations as outlined above, the Parties believe that the Settlement Agreements are fair and reasonable and should be approved by the Court, provided this Court also grants all Parties' pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Renewed Motion to Dismiss Claims of Opt-In Plaintiffs with Prejudice for Want of Prosecution, as well as the Parties' Renewed Joint Motion to Bind Certain Male Plaintiffs to the General Waiver and Release Provisions of the Settlement Agreements.

## **CONCLUSION**

For the reasons set forth above, and provided this Court also grants all Parties' pending motions to dismiss opt-in plaintiffs' claims with prejudice, including but not limited to C. H. Robinson Worldwide's Renewed Motion to Dismiss Claims of Opt-In Plaintiffs with Prejudice for Want of Prosecution, as well as the Parties' Renewed Joint Motion to Bind Certain Male Plaintiffs to the General Waiver and Release Provisions of the Settlement Agreements, the Parties renew their request that the Court approve the Settlement Agreements settling all of the Plaintiffs' claims, and dismiss with prejudice this consolidated action, which includes all the actions listed in Exhibit 1 to the Joint Motion, and all claims asserted in those actions, with the Parties to bear their own attorneys' fees and costs except as agreed upon by the Parties.

CH1 11224843.14 / SL 77589

Dated: January 18, 2008                                    Respectfully submitted,

s / Steven M. Sprenger                                     s/ Mara R. Thompson
Steven M. Sprenger (DC # 418736)                           Mara R. Thompson (MN # 196125)
Sprenger & Lang, PLLC                                      Sprenger & Lang, PLLC
1400 Eye Street N.W.                                       310 Fourth Avenue South
Suite 500                                                  Suite 600
Washington, D.C. 20005                                     Minneapolis, MN 55415
Telephone (202) 772-1160                                   Telephone (612) 486-1820
Fax: (202) 332-6652                                        Fax (612) 871-9270
E-mail: ssprenger@sprengerlang.com                         E-mail: mthompson@sprengerlang.com
*Counsel for Women Opt-In Plaintiffs*                      *Counsel for Women Opt-In Plaintiffs*

s/ Lawrence P. Schaefer
Lawrence P. Schaefer (MN # 195583)
Mansfield, Tanick & Cohen, P.A.
1700 U.S. Bank Plaza South
200 South Sixth Street
Minneapolis, Minnesota 55402-4511
Telephone (612) 341-1201
Fax: (612) 339-3161
E-mail: lschaefer@mansfieldtanick.com
*Counsel for Men Opt-In Plaintiffs*

s/ Gerald L. Maatman, Jr.                                  s / Janet C. Evans
Gerald L. Maatman, Jr. (IL # 0618016)                      Janet C. Evans (MN # 182734)
Richard P. McArdle (IL # 6216504)                          Thomas B. Hatch (MN # 150939)
Ernst H. Ostrand (IL # 6287029)                            Robins, Kaplan, Miller & Ciresi LLP
Seyfarth Shaw LLP                                          2800 LaSalle Plaza
131 S. Dearborn St., Suite 2400                            800 LaSalle Avenue
Chicago, Illinois 60603                                    Minneapolis, MN 55402-2015
Telephone: (312) 460-5000                                  Telephone: 612-349-8500
Facsimile: (312) 460-7000                                  Facsimile: 612-339-4181
E-mail: gmaatman@seyfarth.com                              E-mail: jcevans@rkmc.com
*Counsel for Defendant*                                    *Counsel for Defendant*