## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| | ) | |
| **In re C.H. Robinson Worldwide, Inc.,** | ) | **CASE NO. 07-MD-01849** |
| | ) | **(JNE)** |
| **Overtime Pay Litigation** | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF MARA THOMPSON IN SUPPORT OF
## THE RENEWED JOINT MOTION TO APPROVE THE SETTLEMENTS OF
## FLSA CLAIMS AND LAWSUITS OF FOUR WOMEN PLAINTIFFS

I, Mara Thompson, hereby declare and state as follows:

1.      I am over the age of eighteen years.  I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2.      I am making this declaration in connection with the Joint Motion to Approve the Settlements of FLSA Claims and Lawsuits of Four Women Plaintiffs.

3.      I am one of the attorneys for all female Plaintiffs in this consolidated Fair Labor Standards Act ("FLSA") action, including Plaintiffs Claudette Manning, Mariam Maskharashvili, Donna Eddy (f/k/a Donna Doss), and Janet Hays (collectively the "Four Women Plaintiffs").

4.      Numerous disputed issues exist between the parties, and these disputed issues have encouraged settlements of the Plaintiffs' claims.  For example, the parties dispute:  (a) whether the Four Women Plaintiffs were exempt from the overtime requirements of the FLSA, and thus whether CHRW can be held liable for any of the

settled claims; (b) whether the Four Women Plaintiffs worked more than forty hours per week; (c) whether CHRW acted in good faith at all times, and thus whether the Four Women Plaintiffs are entitled to liquidated damages; (d) whether CHRW willfully disregarded the Four Women Plaintiffs' rights under the FLSA, and thus whether the applicable statute of limitations should be two years or three; and (e) what calculation, if any, should govern monies allegedly owed to the Four Women Plaintiffs for hours allegedly worked in excess of forty per week.

5.      In my opinion, the interests of all concerned are best served by compromise, settlement, and dismissal of the Four Women Plaintiffs' claims with prejudice.

6.      The Parties have agreed to settle their disputes and together seek court approval of their negotiated Settlement Agreements.

7.      The Parties have engaged in extensive and vigorous arm's-length negotiations over the terms of the Settlement Agreements.

8.      The final settlement negotiations were conducted between Steven Sprenger, lead counsel for all women plaintiffs, in his capacity as their counsel, and Gerald L. Maatman, Jr. of Seyfarth Shaw, LLP, in his capacity as counsel to C. H. Robinson Worldwide, Inc. ("CHRW" or "Defendant"), to settle all the FLSA claims, including the claims of the Four Women Plaintiffs.

9.      On March 14, 2007, Steven Sprenger presented CHRW with a settlement demand; the following day, Mr. Maatman presented the women Plaintiffs with CHRW's

2

counteroffer. Thus began a period of extensive and vigorous arm's-length settlement negotiations between Mr. Sprenger and Mr. Maatman.

10. On July 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") ordered that the 102 FLSA lawsuits against Defendant be consolidated in this Court for purposes of approving the Parties' settlements. A copy of the JPML's order is attached hereto as Exhibit B.

11. Pursuant to the JPML's order, all four of these plaintiffs cases were transferred to the District of Minnesota and have the following case identifiers:

> a. Claudette Manning Jackson (*Evelyn Sparks, et al. v. C.H. Robinson Worldwide, Inc.,* Case No. 07-3443 (D. Minn.));
>
> b. Mariam Maskharashvili (*Anne Ciaglia v. C.H. Robinson Worldwide, Inc.,* Case No. 07-3445 (D. Minn.));
>
> c. Donna Doss (f/k/a Donna Eddy) (*Donna Eddy, et al. v. C.H. Robinson Worldwide, Inc.,* Case No. 07-3424 (D. Minn.));
>
> d. Janet Hays (*Nancy Austin, et al. v. C.H. Robinson Worldwide, Inc.,* Case No. 07-3429 (D. Minn.)).

12. By August 2007, after numerous rounds of settlement negotiations, CHRW and the Four Women Plaintiffs reached individual agreements to settle their claims and lawsuits.

13. By August 28, 2007, all Four Women Plaintiffs executed their individual Settlement and General Wavier and Release Agreements. *See* Manning Agreement attached hereto as Exhibit 1; Maskharashvili Agreement attached hereto as Exhibit 2;

3

Eddy Agreement attached hereto as Exhibit 3; and Hays Agreement attached hereto as Exhibit 4.

14. The settlements were reached in full compliance with Rule 1.8 of the Minnesota Rules of Professional Conduct. Before signing their Settlement Agreements, the Four Women Plaintiffs were informed of the existence and nature of my other clients' claims, and all the material terms of the settlements. All Four Women Plaintiffs have provided their written informed consent to proceed with these settlements.

15. Pursuant to the Settlement Agreements, the Four Women Plaintiffs are to receive an aggregate amount of approximately $12,486.48, inclusive of attorneys' fees and costs, in exchange for releasing and dismissing their claims with prejudice.

16. In my opinion, the Settlement Agreements are fair, reasonable, adequate, and in the Four Women Plaintiffs' best interests, particularly in light of the numerous disputed issues that exist, the uncertainty of continued litigation, and the uncertainty surrounding what relief the Four Women Plaintiffs may or may not obtain through continued litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January 2008 in Minneapolis, MN.


_____ /s/ *Mara Thompson* _____
Mara Thompson

4

# Exhibit 1

## SETTLEMENT AND GENERAL WAIVER AND RELEASE AGREEMENT

This Settlement and General Waiver and Release Agreement ("Agreement") is between the Plaintiff Claudette C. Manning on behalf of him/herself, his/her spouse, attorneys, agents, representatives, assignees, heirs, executors, beneficiaries, and trustees (collectively, "Plaintiff"), and C. H. Robinson Worldwide, Inc. ("CHRW"). Plaintiff and CHRW are collectively referred to as "the Parties."

WHEREAS, Plaintiff filed a consent for purposes of asserting claims under the Fair Labor Standards Act ("FLSA") in the cases *Carlson, et al. v. C. H. Robinson Worldwide, Inc.,* Civil No. 02-3780, United States District Court for the District of Minnesota (filed October 2, 2002) or *Johnson, et al. v. C. H. Robinson Worldwide, Inc.,* Civil No. 02-4261, United States District Court for the District of Minnesota (filed November 14, 2002).

WHEREAS, on November 27, 2002, the United States District Court for the District of Minnesota consolidated the *Carlson* and *Johnson* actions; on May 20, 2003, the court entered an order which conditionally certified separate Section 216(b) FLSA classes; and on September 26, 2006, the court decertified the putative classes and dismissed the opt-in claimants, including Plaintiff, from the suit, without prejudice.

WHEREAS, Plaintiff subsequently filed a separate FLSA lawsuit against CHRW before the United States District Court for the Northern District of Illinois, captioned as *Sparks, et. al. v. C. H. Robinson Worldwide, Inc.,* Case No. 06-6461 ("Lawsuit") alleging a failure to pay overtime wages in violation of the FLSA.

WHEREAS, Plaintiff and CHRW are interested in avoiding further legal costs and aggravation and in fully and expeditiously resolving all claims, charges, or issues of law or fact that have been or could have been raised by Plaintiff against CHRW as of the date Plaintiff signs this Agreement, except as provided in Paragraph 8 below.

In consideration of the mutual covenants and promises contained herein, Plaintiff and CHRW hereby agree as follows:

1.  **Monetary Payment.** In complete settlement of any and all claims that Plaintiff may have against CHRW, including but not limited to those encompassed by the Lawsuit (except as provided in Paragraph 8 below), and in support of all other covenants and promises contained herein, Plaintiff shall receive the gross sum of
      ("Settlement Amount"), which shall be paid through CHRW's payroll, minus applicable tax withholdings, for overtime wages claimed as lost by Plaintiff. CHRW will use the last state of employment in determining the applicable state-tax withholdings for Plaintiff. Payment of the Settlement Amount is contingent upon Plaintiff providing Plaintiff's Social Security number, complete name, and current address to CHRW, pursuant to IRS Form W-9. CHRW will issue, in accordance with applicable IRS procedures, an IRS Form W-2 to Plaintiff reflecting this payment.

**REDACTED**

Plaintiff acknowledges that the Settlement Amount constitutes valid and sufficient consideration for the promises contained in the Agreement and that CHRW was not otherwise obligated to pay Plaintiff the Settlement Amount.

The Parties acknowledge that Plaintiff is and has been during the course of the Lawsuit represented by either Sprenger & Lang, PLLC ("Sprenger & Lang") or Mansfield Tanick & Cohen, PA ("Mansfield Tanick"), and that Sprenger & Lang or Mansfield Tanick (as applicable) maintains an attorneys' lien on Plaintiff's claims in the Lawsuit. The Parties further acknowledge that Sprenger & Lang's lien shall be promptly released and discharged upon CHRW's separate payment to Sprenger & Lang in the amount set forth in paragraph 12 of the "Term Sheet of Confidential Settlement" executed by Steven M. Sprenger, dated March 19, 2007. The Parties also acknowledge that Mansfield Tanick's lien shall be promptly released and discharged upon CHRW's separate payment to Mansfield Tanick in the amount set forth in Magistrate Judge Jeanne J. Graham's Sealed Order dated May 9, 2007.

Payments of the Settlement Amount shall be made no later than a date which is 30 days after the appropriate district court's entry of an order dismissing Plaintiff's claims with prejudice.

2.      **Dismissal Of Plaintiff's Claims In The Lawsuit**. The Parties agree to execute and file a Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, along with a Joint Memorandum of Law in Support of the Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, in a form substantially identical to Exhibits A and B, attached hereto. The Parties agree that Plaintiff's claims will be dismissed with prejudice.

3.      **Litigation Costs And Attorneys' Fees**. Plaintiff and CHRW understand and agree that, with the exception of payments provided in this Agreement, each will be solely responsible for all expenses incurred by them respectively or on their behalf, including but not limited to their respective attorneys' fees, costs, and disbursements.

4.      **General Waiver And Release Of All Claims**. With the exception of rights under this Agreement, and as otherwise provided in Paragraph 8 below, Plaintiff hereby releases CHRW, its parent, divisions, subsidiaries, predecessors, successors, directors, officers, fiduciaries, insurers, employees, attorneys, and agents (collectively, "Released Parties") from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of his/her employment by CHRW up to the date Plaintiff executes this Agreement. This release includes, but is not limited to, any action or claim under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, any applicable state fair employment practices act, including, but not limited to, the Age Discrimination in Employment Act ("ADEA") (if applicable), the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act, any applicable state wage and hour laws, any applicable federal, state or local fair employment practice laws, any other applicable federal, state or local statute or ordinance, and any claim arising under common law principle or public policy, except claims or proceedings necessary to

enforce the provisions of this Agreement and claims that cannot be waived as a matter of law. If Plaintiff worked for CHRW in New Jersey, Plaintiff also releases any action or claim under the New Jersey Conscientious Employee Protection Act. If Plaintiff worked for CHRW in Nebraska, Plaintiff also releases any action or claim under the Nebraska Fair Employment Practice Act and Neb. Rev. Stat. § 20-148. It is understood and agreed that this Agreement constitutes a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims or damages to Plaintiff which have arisen, or may have arisen, in connection with Plaintiff's employment by CHRW, as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or may have arisen, from said employment, up to the date Plaintiff signs this Agreement. Plaintiff further waives any and all rights or benefits which Plaintiff does not know or expect to exist at the time of Plaintiff's execution of this Agreement which, if known by Plaintiff, would have materially affected this settlement with CHRW. Plaintiff agrees that this is a complete and final settlement and specifically affirms Plaintiff's intention to release not only those claims against CHRW and the Released Parties which Plaintiff knows about, but also those claims about which Plaintiff does not know. Plaintiff also stipulates that the consideration provided pursuant to this Agreement, including that described in paragraph 1 above, is in full and complete satisfaction of any claims related to or arising out of Plaintiff's employment by CHRW up to the date Plaintiff signs this Agreement. Plaintiff also acknowledges that Plaintiff has been paid properly for all hours worked and has received all leave to which Plaintiff is entitled. PLAINTIFF UNDERSTANDS THAT, BY ENTERING INTO THIS AGREEMENT, PLAINTIFF NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST CHRW OR THE RELEASED PARTIES FOR ACTS OR INJURIES RELATED TO OR ARISING OUT OF PLAINTIFF'S EMPLOYMENT BY CHRW OCCURRING BEFORE THE DATE PLAINTIFF SIGNS THIS AGREEMENT.

5.     **California Plaintiffs Only - Release Of Unknown Claims.** For the purpose of implementing full and complete releases, the Parties expressly acknowledge that the release given in this Agreement are intended to include, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based would materially have affected the settlement of this matter; and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise. The Parties expressly waive any right or benefit available to them in any capacity under the provisions of section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO ALL CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

6.     **Montana Plaintiffs Only.** For purposes of implementing the release in paragraph 4, the Parties expressly acknowledge that the General Waiver and Release Of All Claims in

CH1 11274480.1

paragraph 4 above does not include a waiver for fraud, willful injury to the person or property of another, or for violation of the law, whether willful or negligent pursuant to Mont. Code Ann. § 28-2-702.

7.    **Covenant Not To Sue.** A "covenant not to sue" is a legal term which means that Plaintiff promises not to file a lawsuit against CHRW or the Released Parties. It is different from the General Waiver and Release of All Claims contained in paragraph 4 above. Besides waiving and releasing the claims covered by paragraph 4 above, Plaintiff agrees never to sue CHRW or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in paragraph 4 above up to the date of execution of this Agreement. Plaintiff agrees that any such claim, if filed, shall be immediately dismissed with prejudice upon request by CHRW or the Released Parties (as applicable).

       Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim against CHRW to enforce this Agreement or, if Plaintiff is 40 years of age or older, to challenge the validity of this Agreement under the ADEA. In addition, Plaintiff may continue to prosecute Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. If Plaintiff sues or files a claim against CHRW or any of the Released Parties in violation of this Agreement, Plaintiff shall be liable to CHRW and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim. (As indicated above, it would not violate any part of this Agreement to sue CHRW to enforce this Agreement, or to challenge the validity of this Agreement under the ADEA if Plaintiff is 40 years of age or older.)

8.    **Exclusions From General Waiver And Release Of All Claims.** Excluded from the General Waiver and Release of All Claims in paragraph 4 above are any claims or rights which cannot be waived by law, and Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. Also excluded from the General Waiver and Release of All Claims in paragraph 4 above is Plaintiff's right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff is, however, waiving Plaintiff's right to recover money in connection with such a charge or investigation. Plaintiff is also waiving Plaintiff's right to recover money in connection with a charge filed by any other individual or by the Equal Employment Opportunity Commission or any other federal or state agency.

9.    **Nondisparagement.** Plaintiff agrees not to make, publish or state, or cause to be made, published or stated, any defamatory or disparaging statement, writing or communication pertaining to the character, reputation, business practices, competence or conduct of CHRW or any of the Released Parties. The Parties acknowledge that this paragraph will not inhibit Plaintiff's truthful testimony under oath pursuant to a valid and enforceable subpoena in any judicial or administrative proceeding, provided Plaintiff provides a copy of such subpoena to CHRW's General Counsel at least five (5) business days before giving any such testimony.

10.    **Confidentiality And Non-Disclosure.** Plaintiff agrees that the terms of this Agreement, the discussions that led to its creation and execution, and the claims, allegations, and

disputes that are being resolved by this Agreement are to remain strictly confidential and shall not be disclosed or communicated to any person, unless disclosure is required by law or a court order, or in connection with requesting that the court dismiss the Lawsuit. Plaintiff may, however, disclose the terms of this Agreement to Plaintiff's immediate family members, attorneys and tax advisors, who must maintain the confidentiality of this Agreement. If inquiries arise concerning Plaintiff's dispute with CHRW or this Agreement by a person other than those listed above, Plaintiff or such other person simply will state that "the matter has been resolved" and will make no other comment. CHRW may disclose the terms of this Agreement to its attorneys, auditors, tax advisors, members of the Board of Directors, or those employees with a need to know such information in the course of their duties and responsibilities. A breach of this provision shall be considered a material breach. Plaintiff warrants that Plaintiff has not disclosed the settlement, the Settlement Amount (or any portion thereof), the Agreement or its terms up to the date of execution of the Agreement, except as provided in the Agreement.

11.     **No Admission Of Liability.** It is agreed and understood that, by entering into this Agreement, there is no admission of liability or wrongdoing by CHRW whatsoever, nor any admission by CHRW that Plaintiff's claim would have been successful. As CHRW denies all allegations of the violation of any law, statute, ordinance, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to save litigation costs and attorneys' fees. The existence and execution of this Agreement shall not be considered, and shall not be admissible, in any proceeding as an admission by CHRW or any of its agents or Plaintiff of any liability, error, or violation of law.

12.     **Applicable Law And Entire Agreement.** The Parties agree that this Agreement shall be construed in accordance with the laws, including the law of conflicts, of the State of Illinois. Furthermore, the Parties acknowledge and agree that if Plaintiff is represented by Sprenger & Lang in the Lawsuit, this Agreement incorporates the terms and conditions of the Settlement Term Sheet Of Confidential Settlement dated March 19, 2007 (attached hereto and incorporated herein as Exhibit D). The Parties further acknowledge and agree that if Plaintiff is represented by Mansfield Tanick in the Lawsuit, then pursuant to the "Agreed Ground Rules" dated May 2, 2007 (attached hereto and incorporated herein as Exhibit E), this Agreement incorporates the terms and conditions of the Term Sheet Of Confidential Settlement dated April 25, 2007 (sent at 9:45 a.m.) (attached hereto and incorporated herein as Exhibit F). The Parties acknowledge that this Agreement and its applicable attachments constitute the complete understanding between Plaintiff and CHRW. No other promises or agreements, either express or implied, shall be binding unless in writing and signed by the Parties.

13.     **Severability.** To the extent a court of competent jurisdiction holds that any portion of this Agreement, other than the General Waiver and Release of All Claims in paragraph 4, is either invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect. Plaintiff agrees, however, that if any portion of paragraph 4 of this Agreement is found to be either invalid or unenforceable, in whole or in part, CHRW shall have discretion to require that Plaintiff return the Settlement Amount,

provided CHRW notifies Plaintiff within 30 days of the date that all or any portion of paragraph 4 has been deemed invalid or unenforceable.

14.    **Enforcement.** Other than as set forth in paragraph 7 above, in the event that Plaintiff or CHRW takes action, in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, such attorneys' fees and costs to be paid by the nonprevailing party.

15.    **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Plaintiff and CHRW, and their respective heirs, executors, successors, agents and/or representatives.

16.    **Voluntary And Knowing Agreement.** Plaintiff hereby warrants and represents that:

- Plaintiff is competent, as a matter of law, to enter into this Agreement;

- Plaintiff has been advised and encouraged by CHRW to consult with an attorney before signing this Agreement, and is in fact represented by counsel at the time of execution of this Agreement;

- Plaintiff has relied on Plaintiff's own judgment and that of Plaintiff's counsel regarding the consideration for and language of this Agreement;

- Plaintiff has been given a reasonable period of time of at least 21 days to consider this Agreement;

- Plaintiff understands this Agreement and has obtained answers to questions which Plaintiff has raised about the Agreement; and

- no statements made by CHRW or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

17.    **Right To Revoke Waiver Of Age Discrimination In Employment Claims.** If Plaintiff is 40 years of age or older, Plaintiff specifically affirms Plaintiff's intent to waive and release all claims Plaintiff may have against CHRW, including age discrimination claims under the ADEA as set forth in paragraph 4 of this Agreement. Plaintiff acknowledges that Plaintiff has been given a period of time of at least 21 days to consider whether to sign this Agreement. Plaintiff further acknowledges that he/she is entering into this Agreement in compliance with the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 626(f). Plaintiff understands and agrees that any change to the initial terms of this Agreement shall not restart the running of this 21 day period. Plaintiff may cancel or revoke only the ADEA portion of the General Waiver and Release of All Claims in paragraph 4 of this Agreement at any time during the seven days following execution of the Agreement. In order to cancel or revoke the ADEA portion of paragraph 4 of this Agreement, the Plaintiff must timely deliver to Gerald L. Maatman, Jr.,

Seyfarth Shaw LLP, 131 South Dearborn, Suite 2400, Chicago, Illinois 60603, a signed letter or other written notice stating that Plaintiff is canceling or revoking the ADEA portion of paragraph 4 of this Agreement, delivered in person or sent by overnight mail. If Plaintiff timely cancels or revokes the ADEA portion of paragraph 4 of this Agreement, Plaintiff acknowledges and agrees that CHRW shall have seven days from the date of receipt of Plaintiff's revocation in which to decide whether to void the entire Agreement. If CHRW determines within that seven day period that the entire Agreement is void, CHRW shall not be obligated to take the actions described in this Agreement, including but not limited to payment of the Settlement Amount in paragraph 1. If the ADEA portions of paragraph 4 are not timely canceled or revoked by Plaintiff, the Agreement shall become effective on the eighth day following execution by Plaintiff.

18.    **Agreement To Not Seek Future Employment With The Employer.** If Plaintiff is not employed by CHRW at the time Plaintiff signs this Agreement, then Plaintiff agrees, in exchange for the promises made by CHRW in this Agreement, to waive any right Plaintiff may have to reinstatement to employment with CHRW; and Plaintiff further promises not to seek or accept future employment with CHRW in any position or capacity, without the express written consent of the Chief Executive Officer.

**PLAINTIFF AND CHRW ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT.**

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**CLAUDETTE C. MANNING**

_Claudette C. Manning_

Dated _Aug 10th 2007_

**SPRENGER & LANG, PLLC**

By _Mara A Thompson_

Dated _10/2/07_

**C. H. ROBINSON WORLDWIDE, INC.**

By_____

CH1 11274480.1

Dated 8-10-07

CH1 11274480.1

# Exhibit 2

## SETTLEMENT AND GENERAL WAIVER AND RELEASE AGREEMENT

This Settlement and General Waiver and Release Agreement ("Agreement") is between the Plaintiff Mariam Maskharashvili on behalf of him/herself, his/her spouse, attorneys, agents, representatives, assignees, heirs, executors, beneficiaries, and trustees (collectively, "Plaintiff"), and C. H. Robinson Worldwide, Inc. ("CHRW"). Plaintiff and CHRW are collectively referred to as "the Parties."

WHEREAS, Plaintiff filed a consent for purposes of asserting claims under the Fair Labor Standards Act ("FLSA") in the cases *Carlson, et al. v. C. H. Robinson Worldwide, Inc.*, Civil No. 02-3780, United States District Court for the District of Minnesota (filed October 2, 2002) or *Johnson, et al. v. C. H. Robinson Worldwide, Inc.*, Civil No. 02-4261, United States District Court for the District of Minnesota (filed November 14, 2002).

WHEREAS, on November 27, 2002, the United States District Court for the District of Minnesota consolidated the *Carlson* and *Johnson* actions; on May 20, 2003, the court entered an order which conditionally certified separate Section 216(b) FLSA classes; and on September 26, 2006, the court decertified the putative classes and dismissed the opt-in claimants, including Plaintiff, from the suit, without prejudice.

WHEREAS, Plaintiff subsequently filed a separate FLSA lawsuit against CHRW before the United States District Court for the Northern District of Illinois, captioned as *Ciaglia et. al. v. C. H. Robinson Worldwide, Inc.*, Case No. 06-6507 ("Lawsuit") alleging a failure to pay overtime wages in violation of the FLSA.

WHEREAS, Plaintiff and CHRW are interested in avoiding further legal costs and aggravation and in fully and expeditiously resolving all claims, charges, or issues of law or fact that have been or could have been raised by Plaintiff against CHRW as of the date Plaintiff signs this Agreement, except as provided in Paragraph 8 below.

In consideration of the mutual covenants and promises contained herein, Plaintiff and CHRW hereby agree as follows:

1. **Monetary Payment.** In complete settlement of any and all claims that Plaintiff may have against CHRW, including but not limited to those encompassed by the Lawsuit (except as provided in Paragraph 8 below), and in support of all other covenants and promises contained herein, Plaintiff shall receive the gross sum of :
("Settlement Amount"), which shall be paid through CHRW's payroll, minus applicable tax withholdings, for overtime wages claimed as lost by Plaintiff. CHRW will use the last state of employment in determining the applicable state-tax withholdings for Plaintiff. Payment of the Settlement Amount is contingent upon Plaintiff providing Plaintiff's Social Security number, complete name, and current address to CHRW, pursuant to IRS Form W-9. CHRW will issue, in accordance with applicable IRS procedures, an IRS Form W-2 to Plaintiff reflecting this payment.

**REDACTED**

Plaintiff acknowledges that the Settlement Amount constitutes valid and sufficient consideration for the promises contained in the Agreement and that CHRW was not otherwise obligated to pay Plaintiff the Settlement Amount.

The Parties acknowledge that Plaintiff is and has been during the course of the Lawsuit represented by either Sprenger & Lang, PLLC ("Sprenger & Lang") or Mansfield Tanick & Cohen, PA ("Mansfield Tanick"), and that Sprenger & Lang or Mansfield Tanick (as applicable) maintains an attorneys' lien on Plaintiff's claims in the Lawsuit. The Parties further acknowledge that Sprenger & Lang's lien shall be promptly released and discharged upon CHRW's separate payment to Sprenger & Lang in the amount set forth in paragraph 12 of the "Term Sheet of Confidential Settlement" executed by Steven M. Sprenger, dated March 19, 2007. The Parties also acknowledge that Mansfield Tanick's lien shall be promptly released and discharged upon CHRW's separate payment to Mansfield Tanick in the amount set forth in Magistrate Judge Jeanne J. Graham's Sealed Order dated May 9, 2007.

Payments of the Settlement Amount shall be made no later than a date which is 30 days after the appropriate district court's entry of an order dismissing Plaintiff's claims with prejudice.

2.    **Dismissal Of Plaintiff's Claims In The Lawsuit.** The Parties agree to execute and file a Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, along with a Joint Memorandum of Law in Support of the Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, in a form substantially identical to Exhibits A and B, attached hereto. The Parties agree that Plaintiff's claims will be dismissed with prejudice.

3.    **Litigation Costs And Attorneys' Fees.** Plaintiff and CHRW understand and agree that, with the exception of payments provided in this Agreement, each will be solely responsible for all expenses incurred by them respectively or on their behalf, including but not limited to their respective attorneys' fees, costs, and disbursements.

4.    **General Waiver And Release Of All Claims.** With the exception of rights under this Agreement, and as otherwise provided in Paragraph 8 below, Plaintiff hereby releases CHRW, its parent, divisions, subsidiaries, predecessors, successors, directors, officers, fiduciaries, insurers, employees, attorneys, and agents (collectively, "Released Parties") from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of his/her employment by CHRW up to the date Plaintiff executes this Agreement. This release includes, but is not limited to, any action or claim under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, any applicable state fair employment practices act, including, but not limited to, the Age Discrimination in Employment Act ("ADEA") (if applicable), the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act, any applicable state wage and hour laws, any applicable federal, state or local fair employment practice laws, any other applicable federal, state or local statute or ordinance, and any claim arising under common law principle or public policy, except claims or proceedings necessary to

enforce the provisions of this Agreement and claims that cannot be waived as a matter of law. If Plaintiff worked for CHRW in New Jersey, Plaintiff also releases any action or claim under the New Jersey Conscientious Employee Protection Act. If Plaintiff worked for CHRW in Nebraska, Plaintiff also releases any action or claim under the Nebraska Fair Employment Practice Act and Neb. Rev. Stat. § 20-148. It is understood and agreed that this Agreement constitutes a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims or damages to Plaintiff which have arisen, or may have arisen, in connection with Plaintiff's employment by CHRW, as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or may have arisen, from said employment, up to the date Plaintiff signs this Agreement. Plaintiff further waives any and all rights or benefits which Plaintiff does not know or expect to exist at the time of Plaintiff's execution of this Agreement which, if known by Plaintiff, would have materially affected this settlement with CHRW. Plaintiff agrees that this is a complete and final settlement and specifically affirms Plaintiff's intention to release not only those claims against CHRW and the Released Parties which Plaintiff knows about, but also those claims about which Plaintiff does not know. Plaintiff also stipulates that the consideration provided pursuant to this Agreement, including that described in paragraph 1 above, is in full and complete satisfaction of any claims related to or arising out of Plaintiff's employment by CHRW up to the date Plaintiff signs this Agreement. Plaintiff also acknowledges that Plaintiff has been paid properly for all hours worked and has received all leave to which Plaintiff is entitled. PLAINTIFF UNDERSTANDS THAT, BY ENTERING INTO THIS AGREEMENT, PLAINTIFF NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST CHRW OR THE RELEASED PARTIES FOR ACTS OR INJURIES RELATED TO OR ARISING OUT OF PLAINTIFF'S EMPLOYMENT BY CHRW OCCURRING BEFORE THE DATE PLAINTIFF SIGNS THIS AGREEMENT.

5.      **California Plaintiffs Only - Release of Unknown Claims.** For the purpose of implementing full and complete releases, the Parties expressly acknowledge that the release given in this Agreement are intended to include, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based would materially have affected the settlement of this matter; and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise. The Parties expressly waive any right or benefit available to them in any capacity under the provisions of section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO ALL CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

6.      **Montana Plaintiffs Only.** For purposes of implementing the release in paragraph 4, the Parties expressly acknowledge that the General Waiver and Release Of All Claims in

paragraph 4 above does not include a waiver for fraud, willful injury to the person or property of another, or for violation of the law, whether willful or negligent pursuant to Mont. Code Ann. § 28-2-702.

7.      **Covenant Not To Sue.** A "covenant not to sue" is a legal term which means that Plaintiff promises not to file a lawsuit against CHRW or the Released Parties. It is different from the General Waiver and Release of All Claims contained in paragraph 4 above. Besides waiving and releasing the claims covered by paragraph 4 above, Plaintiff agrees never to sue CHRW or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in paragraph 4 above up to the date of execution of this Agreement. Plaintiff agrees that any such claim, if filed, shall be immediately dismissed with prejudice upon request by CHRW or the Released Parties (as applicable).

Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim against CHRW to enforce this Agreement or, if Plaintiff is 40 years of age or older, to challenge the validity of this Agreement under the ADEA. In addition, Plaintiff may continue to prosecute Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. If Plaintiff sues or files a claim against CHRW or any of the Released Parties in violation of this Agreement, Plaintiff shall be liable to CHRW and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim. (As indicated above, it would not violate any part of this Agreement to sue CHRW to enforce this Agreement, or to challenge the validity of this Agreement under the ADEA if Plaintiff is 40 years of age or older.)

8.      **Exclusions From General Waiver And Release Of All Claims.** Excluded from the General Waiver and Release of All Claims in paragraph 4 above are any claims or rights which cannot be waived by law, and Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. Also excluded from the General Waiver and Release of All Claims in paragraph 4 above is Plaintiff's right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff is, however, waiving Plaintiff's right to recover money in connection with such a charge or investigation. Plaintiff is also waiving Plaintiff's right to recover money in connection with a charge filed by any other individual or by the Equal Employment Opportunity Commission or any other federal or state agency.

9.      **Nondisparagement.** Plaintiff agrees not to make, publish or state, or cause to be made, published or stated, any defamatory or disparaging statement, writing or communication pertaining to the character, reputation, business practices, competence or conduct of CHRW or any of the Released Parties. The Parties acknowledge that this paragraph will not inhibit Plaintiff's truthful testimony under oath pursuant to a valid and enforceable subpoena in any judicial or administrative proceeding, provided Plaintiff provides a copy of such subpoena to CHRW's General Counsel at least five (5) business days before giving any such testimony.

10.      **Confidentiality And Non-Disclosure.** Plaintiff agrees that the terms of this Agreement, the discussions that led to its creation and execution, and the claims, allegations, and

disputes that are being resolved by this Agreement are to remain strictly confidential and shall not be disclosed or communicated to any person, unless disclosure is required by law or a court order, or in connection with requesting that the court dismiss the Lawsuit. Plaintiff may, however, disclose the terms of this Agreement to Plaintiff's immediate family members, attorneys and tax advisors, who must maintain the confidentiality of this Agreement. If inquiries arise concerning Plaintiff's dispute with CHRW or this Agreement by a person other than those listed above, Plaintiff or such other person simply will state that "the matter has been resolved" and will make no other comment. CHRW may disclose the terms of this Agreement to its attorneys, auditors, tax advisors, members of the Board of Directors, or those employees with a need to know such information in the course of their duties and responsibilities. A breach of this provision shall be considered a material breach. Plaintiff warrants that Plaintiff has not disclosed the settlement, the Settlement Amount (or any portion thereof), the Agreement or its terms up to the date of execution of the Agreement, except as provided in the Agreement.

11.     **No Admission Of Liability.** It is agreed and understood that, by entering into this Agreement, there is no admission of liability or wrongdoing by CHRW whatsoever, nor any admission by CHRW that Plaintiff's claim would have been successful. As CHRW denies all allegations of the violation of any law, statute, ordinance, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to save litigation costs and attorneys' fees. The existence and execution of this Agreement shall not be considered, and shall not be admissible, in any proceeding as an admission by CHRW or any of its agents or Plaintiff of any liability, error, or violation of law.

12.     **Applicable Law And Entire Agreement.** The Parties agree that this Agreement shall be construed in accordance with the laws, including the law of conflicts, of the State of Illinois. Furthermore, the Parties acknowledge and agree that if Plaintiff is represented by Sprenger & Lang in the Lawsuit, this Agreement incorporates the terms and conditions of the Settlement Term Sheet Of Confidential Settlement dated March 19, 2007 (attached hereto and incorporated herein as Exhibit D). The Parties further acknowledge and agree that if Plaintiff is represented by Mansfield Tanick in the Lawsuit, then pursuant to the "Agreed Ground Rules" dated May 2, 2007 (attached hereto and incorporated herein as Exhibit E), this Agreement incorporates the terms and conditions of the Term Sheet Of Confidential Settlement dated April 25, 2007 (sent at 9:45 a.m.) (attached hereto and incorporated herein as Exhibit F). The Parties acknowledge that this Agreement and its applicable attachments constitute the complete understanding between Plaintiff and CHRW. No other promises or agreements, either express or implied, shall be binding unless in writing and signed by the Parties.

13.     **Severability.** To the extent a court of competent jurisdiction holds that any portion of this Agreement, other than the General Waiver and Release of All Claims in paragraph 4, is either invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect. Plaintiff agrees, however, that if any portion of paragraph 4 of this Agreement is found to be either invalid or unenforceable, in whole or in part, CHRW shall have discretion to require that Plaintiff return the Settlement Amount,

provided CHRW notifies Plaintiff within 30 days of the date that all or any portion of paragraph 4 has been deemed invalid or unenforceable.

14. **Enforcement.** Other than as set forth in paragraph 7 above, in the event that Plaintiff or CHRW takes action, in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, such attorneys' fees and costs to be paid by the nonprevailing party.

15. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Plaintiff and CHRW, and their respective heirs, executors, successors, agents and/or representatives.

16. **Voluntary And Knowing Agreement.** Plaintiff hereby warrants and represents that:

- Plaintiff is competent, as a matter of law, to enter into this Agreement;

- Plaintiff has been advised and encouraged by CHRW to consult with an attorney before signing this Agreement, and is in fact represented by counsel at the time of execution of this Agreement;

- Plaintiff has relied on Plaintiff's own judgment and that of Plaintiff's counsel regarding the consideration for and language of this Agreement;

- Plaintiff has been given a reasonable period of time of at least 21 days to consider this Agreement;

- Plaintiff understands this Agreement and has obtained answers to questions which Plaintiff has raised about the Agreement; and

- no statements made by CHRW or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

17. **Right To Revoke Waiver Of Age Discrimination In Employment Claims.** If Plaintiff is 40 years of age or older, Plaintiff specifically affirms Plaintiff's intent to waive and release all claims Plaintiff may have against CHRW, including age discrimination claims under the ADEA as set forth in paragraph 4 of this Agreement. Plaintiff acknowledges that Plaintiff has been given a period of time of at least 21 days to consider whether to sign this Agreement. Plaintiff further acknowledges that he/she is entering into this Agreement in compliance with the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 626(f). Plaintiff understands and agrees that any change to the initial terms of this Agreement shall not restart the running of this 21 day period. Plaintiff may cancel or revoke only the ADEA portion of the General Waiver and Release of All Claims in paragraph 4 of this Agreement at any time during the seven days following execution of the Agreement. In order to cancel or revoke the ADEA portion of paragraph 4 of this Agreement, the Plaintiff must timely deliver to Gerald L. Maatman, Jr.,

Seyfarth Shaw LLP, 131 South Dearborn, Suite 2400, Chicago, Illinois 60603, a signed letter or other written notice stating that Plaintiff is canceling or revoking the ADEA portion of paragraph 4 of this Agreement, delivered in person or sent by overnight mail. If Plaintiff timely cancels or revokes the ADEA portion of paragraph 4 of this Agreement, Plaintiff acknowledges and agrees that CHRW shall have seven days from the date of receipt of Plaintiff's revocation in which to decide whether to void the entire Agreement. If CHRW determines within that seven day period that the entire Agreement is void, CHRW shall not be obligated to take the actions described in this Agreement, including but not limited to payment of the Settlement Amount in paragraph 1. If the ADEA portions of paragraph 4 are not timely canceled or revoked by Plaintiff, the Agreement shall become effective on the eighth day following execution by Plaintiff.

18.     **Agreement To Not Seek Future Employment With The Employer.** If Plaintiff is not employed by CHRW at the time Plaintiff signs this Agreement, then Plaintiff agrees, in exchange for the promises made by CHRW in this Agreement, to waive any right Plaintiff may have to reinstatement to employment with CHRW; and Plaintiff further promises not to seek or accept future employment with CHRW in any position or capacity, without the express written consent of the Chief Executive Officer.

**PLAINTIFF AND CHRW ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT.**

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

MARIAM MASKHARASHVILI


Dated    8/14/07

SPRENGER & LANG, PLLC

By

Dated    8-20-07

C. H. ROBINSON WORLDWIDE, INC.

By

CH1 11274477.1

Dated_____

Exhibit 3

## SETTLEMENT AND GENERAL WAIVER AND RELEASE AGREEMENT

This Settlement and General Waiver and Release Agreement ("Agreement") is between the Plaintiff Donna Eddy (f/k/a Donna Doss) on behalf of him/herself, his/her spouse, attorneys, agents, representatives, assignees, heirs, executors, beneficiaries, and trustees (collectively, "Plaintiff"), and C. H. Robinson Worldwide, Inc. ("CHRW"). Plaintiff and CHRW are collectively referred to as "the Parties."

WHEREAS, Plaintiff filed a consent for purposes of asserting claims under the Fair Labor Standards Act ("FLSA") in the cases *Carlson, et al. v. C. H. Robinson Worldwide, Inc.,* Civil No. 02-3780, United States District Court for the District of Minnesota (filed October 2, 2002) or *Johnson, et al. v. C. H. Robinson Worldwide, Inc.,* Civil No. 02-4261, United States District Court for the District of Minnesota (filed November 14, 2002).

WHEREAS, on November 27, 2002, the United States District Court for the District of Minnesota consolidated the *Carlson* and *Johnson* actions; on May 20, 2003, the court entered an order which conditionally certified separate Section 216(b) FLSA classes; and on September 26, 2006, the court decertified the putative classes and dismissed the opt-in claimants, including Plaintiff, from the suit, without prejudice.

WHEREAS, Plaintiff subsequently filed a separate FLSA lawsuit against CHRW before the United States District Court for the Northern District of Illinois, captioned as *Eddy et. al. v. C. H. Robinson Worldwide, Inc.,* Case No. 06-6551 ("Lawsuit") alleging a failure to pay overtime wages in violation of the FLSA.

WHEREAS, Plaintiff and CHRW are interested in avoiding further legal costs and aggravation and in fully and expeditiously resolving all claims, charges, or issues of law or fact that have been or could have been raised by Plaintiff against CHRW as of the date Plaintiff signs this Agreement, except as provided in Paragraph 8 below.

In consideration of the mutual covenants and promises contained herein, Plaintiff and CHRW hereby agree as follows:

1. **Monetary Payment.** In complete settlement of any and all claims that Plaintiff may have against CHRW, including but not limited to those encompassed by the Lawsuit (except as provided in Paragraph 8 below), and in support of all other covenants and promises contained herein, Plaintiff shall receive the gross sum of
("Settlement Amount"), which shall be paid through CHRW's payroll, minus applicable tax withholdings, for overtime wages claimed as lost by Plaintiff. CHRW will use the last state of employment in determining the applicable state-tax withholdings for Plaintiff. Payment of the Settlement Amount is contingent upon Plaintiff providing Plaintiff's Social Security number, complete name, and current address to CHRW, pursuant to IRS Form W-9. CHRW will issue, in accordance with applicable IRS procedures, an IRS Form W-2 to Plaintiff reflecting this payment.

**REDACTED**

Plaintiff acknowledges that the Settlement Amount constitutes valid and sufficient consideration for the promises contained in the Agreement and that CHRW was not otherwise obligated to pay Plaintiff the Settlement Amount.

The Parties acknowledge that Plaintiff is and has been during the course of the Lawsuit represented by either Sprenger & Lang, PLLC ("Sprenger & Lang") or Mansfield Tanick & Cohen, PA ("Mansfield Tanick"), and that Sprenger & Lang or Mansfield Tanick (as applicable) maintains an attorneys' lien on Plaintiff's claims in the Lawsuit. The Parties further acknowledge that Sprenger & Lang's lien shall be promptly released and discharged upon CHRW's separate payment to Sprenger & Lang in the amount set forth in paragraph 12 of the "Term Sheet of Confidential Settlement" executed by Steven M. Sprenger, dated March 19, 2007. The Parties also acknowledge that Mansfield Tanick's lien shall be promptly released and discharged upon CHRW's separate payment to Mansfield Tanick in the amount set forth in Magistrate Judge Jeanne J. Graham's Sealed Order dated May 9, 2007.

Payments of the Settlement Amount shall be made no later than a date which is 30 days after the appropriate district court's entry of an order dismissing Plaintiff's claims with prejudice.

2. **Dismissal Of Plaintiff's Claims In The Lawsuit.** The Parties agree to execute and file a Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, along with a Joint Memorandum of Law in Support of the Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, in a form substantially identical to Exhibits A and B, attached hereto. The Parties agree that Plaintiff's claims will be dismissed with prejudice.

3. **Litigation Costs And Attorneys' Fees.** Plaintiff and CHRW understand and agree that, with the exception of payments provided in this Agreement, each will be solely responsible for all expenses incurred by them respectively or on their behalf, including but not limited to their respective attorneys' fees, costs, and disbursements.

4. **General Waiver And Release Of All Claims.** With the exception of rights under this Agreement, and as otherwise provided in Paragraph 8 below, Plaintiff hereby releases CHRW, its parent, divisions, subsidiaries, predecessors, successors, directors, officers, fiduciaries, insurers, employees, attorneys, and agents (collectively, "Released Parties") from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of his/her employment by CHRW up to the date Plaintiff executes this Agreement. This release includes, but is not limited to, any action or claim under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, any applicable state fair employment practices act, including, but not limited to, the Age Discrimination in Employment Act ("ADEA") (if applicable), the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act, any applicable state wage and hour laws, any applicable federal, state or local fair employment practice laws, any other applicable federal, state or local statute or ordinance, and any claim arising under common law principle or public policy, except claims or proceedings necessary to

CH1 11274438.1

enforce the provisions of this Agreement and claims that cannot be waived as a matter of law. If Plaintiff worked for CHRW in New Jersey, Plaintiff also releases any action or claim under the New Jersey Conscientious Employee Protection Act. If Plaintiff worked for CHRW in Nebraska, Plaintiff also releases any action or claim under the Nebraska Fair Employment Practice Act and Neb. Rev. Stat. § 20-148. It is understood and agreed that this Agreement constitutes a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims or damages to Plaintiff which have arisen, or may have arisen, in connection with Plaintiff's employment by CHRW, as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or may have arisen, from said employment, up to the date Plaintiff signs this Agreement. Plaintiff further waives any and all rights or benefits which Plaintiff does not know or expect to exist at the time of Plaintiff's execution of this Agreement which, if known by Plaintiff, would have materially affected this settlement with CHRW. Plaintiff agrees that this is a complete and final settlement and specifically affirms Plaintiff's intention to release not only those claims against CHRW and the Released Parties which Plaintiff knows about, but also those claims about which Plaintiff does not know. Plaintiff also stipulates that the consideration provided pursuant to this Agreement, including that described in paragraph 1 above, is in full and complete satisfaction of any claims related to or arising out of Plaintiff's employment by CHRW up to the date Plaintiff signs this Agreement. Plaintiff also acknowledges that Plaintiff has been paid properly for all hours worked and has received all leave to which Plaintiff is entitled. PLAINTIFF UNDERSTANDS THAT, BY ENTERING INTO THIS AGREEMENT, PLAINTIFF NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST CHRW OR THE RELEASED PARTIES FOR ACTS OR INJURIES RELATED TO OR ARISING OUT OF PLAINTIFF'S EMPLOYMENT BY CHRW OCCURRING BEFORE THE DATE PLAINTIFF SIGNS THIS AGREEMENT.

5.    **California Plaintiffs Only - Release Of Unknown Claims.** For the purpose of implementing full and complete releases, the Parties expressly acknowledge that the release given in this Agreement are intended to include, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based would materially have affected the settlement of this matter; and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise. The Parties expressly waive any right or benefit available to them in any capacity under the provisions of section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO ALL CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

6.    **Montana Plaintiffs Only.** For purposes of implementing the release in paragraph 4, the Parties expressly acknowledge that the General Waiver and Release Of All Claims in

paragraph 4 above does not include a waiver for fraud, willful injury to the person or property of another, or for violation of the law, whether willful or negligent pursuant to Mont. Code Ann. § 28-2-702.

7.      **Covenant Not To Sue.** A "covenant not to sue" is a legal term which means that Plaintiff promises not to file a lawsuit against CHRW or the Released Parties. It is different from the General Waiver and Release of All Claims contained in paragraph 4 above. Besides waiving and releasing the claims covered by paragraph 4 above, Plaintiff agrees never to sue CHRW or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in paragraph 4 above up to the date of execution of this Agreement. Plaintiff agrees that any such claim, if filed, shall be immediately dismissed with prejudice upon request by CHRW or the Released Parties (as applicable).

Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim against CHRW to enforce this Agreement or, if Plaintiff is 40 years of age or older, to challenge the validity of this Agreement under the ADEA. In addition, Plaintiff may continue to prosecute Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. If Plaintiff sues or files a claim against CHRW or any of the Released Parties in violation of this Agreement, Plaintiff shall be liable to CHRW and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim. (As indicated above, it would not violate any part of this Agreement to sue CHRW to enforce this Agreement, or to challenge the validity of this Agreement under the ADEA if Plaintiff is 40 years of age or older.)

8.      **Exclusions From General Waiver And Release Of All Claims.** Excluded from the General Waiver and Release of All Claims in paragraph 4 above are any claims or rights which cannot be waived by law, and Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. Also excluded from the General Waiver and Release of All Claims in paragraph 4 above is Plaintiff's right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff is, however, waiving Plaintiff's right to recover money in connection with such a charge or investigation. Plaintiff is also waiving Plaintiff's right to recover money in connection with a charge filed by any other individual or by the Equal Employment Opportunity Commission or any other federal or state agency.

9.      **Nondisparagement.** Plaintiff agrees not to make, publish or state, or cause to be made, published or stated, any defamatory or disparaging statement, writing or communication pertaining to the character, reputation, business practices, competence or conduct of CHRW or any of the Released Parties. The Parties acknowledge that this paragraph will not inhibit Plaintiff's truthful testimony under oath pursuant to a valid and enforceable subpoena in any judicial or administrative proceeding, provided Plaintiff provides a copy of such subpoena to CHRW's General Counsel at least five (5) business days before giving any such testimony.

10.      **Confidentiality And Non-Disclosure.** Plaintiff agrees that the terms of this Agreement, the discussions that led to its creation and execution, and the claims, allegations, and

disputes that are being resolved by this Agreement are to remain strictly confidential and shall not be disclosed or communicated to any person, unless disclosure is required by law or a court order, or in connection with requesting that the court dismiss the Lawsuit. Plaintiff may, however, disclose the terms of this Agreement to Plaintiff's immediate family members, attorneys and tax advisors, who must maintain the confidentiality of this Agreement. If inquiries arise concerning Plaintiff's dispute with CHRW or this Agreement by a person other than those listed above, Plaintiff or such other person simply will state that "the matter has been resolved" and will make no other comment. CHRW may disclose the terms of this Agreement to its attorneys, auditors, tax advisors, members of the Board of Directors, or those employees with a need to know such information in the course of their duties and responsibilities. A breach of this provision shall be considered a material breach. Plaintiff warrants that Plaintiff has not disclosed the settlement, the Settlement Amount (or any portion thereof), the Agreement or its terms up to the date of execution of the Agreement, except as provided in the Agreement.

11.    No Admission Of Liability. It is agreed and understood that, by entering into this Agreement, there is no admission of liability or wrongdoing by CHRW whatsoever, nor any admission by CHRW that Plaintiff's claim would have been successful. As CHRW denies all allegations of the violation of any law, statute, ordinance, regulation, common law, tort, or contract; this Agreement results solely from the Parties' desire to save litigation costs and attorneys' fees. The existence and execution of this Agreement shall not be considered, and shall not be admissible, in any proceeding as an admission by CHRW or any of its agents or Plaintiff of any liability, error, or violation of law.

12.    Applicable Law And Entire Agreement. The Parties agree that this Agreement shall be construed in accordance with the laws, including the law of conflicts, of the State of Illinois. Furthermore, the Parties acknowledge and agree that if Plaintiff is represented by Sprenger & Lang in the Lawsuit, this Agreement incorporates the terms and conditions of the Settlement Term Sheet Of Confidential Settlement dated March 19, 2007 (attached hereto and incorporated herein as Exhibit D). The Parties further acknowledge and agree that if Plaintiff is represented by Mansfield Tanick in the Lawsuit, then pursuant to the "Agreed Ground Rules" dated May 2, 2007 (attached hereto and incorporated herein as Exhibit E), this Agreement incorporates the terms and conditions of the Term Sheet Of Confidential Settlement dated April 25, 2007 (sent at 9:45 a.m.) (attached hereto and incorporated herein as Exhibit F). The Parties acknowledge that this Agreement and its applicable attachments constitute the complete understanding between Plaintiff and CHRW. No other promises or agreements, either express or implied, shall be binding unless in writing and signed by the Parties.

13.    Severability. To the extent a court of competent jurisdiction holds that any portion of this Agreement, other than the General Waiver and Release of All Claims in paragraph 4, is either invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect. Plaintiff agrees, however, that if any portion of paragraph 4 of this Agreement is found to be either invalid or unenforceable, in whole or in part, CHRW shall have discretion to require that Plaintiff return the Settlement Amount,

provided CHRW notifies Plaintiff within 30 days of the date that all or any portion of paragraph 4 has been deemed invalid or unenforceable.

14.     **Enforcement.** Other than as set forth in paragraph 7 above, in the event that Plaintiff or CHRW takes action, in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, such attorneys' fees and costs to be paid by the nonprevailing party.

15.     **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Plaintiff and CHRW, and their respective heirs, executors, successors, agents and/or representatives.

16.     **Voluntary And Knowing Agreement.** Plaintiff hereby warrants and represents that:

- Plaintiff is competent, as a matter of law, to enter into this Agreement;

- Plaintiff has been advised and encouraged by CHRW to consult with an attorney before signing this Agreement, and is in fact represented by counsel at the time of execution of this Agreement;

- Plaintiff has relied on Plaintiff's own judgment and that of Plaintiff's counsel regarding the consideration for and language of this Agreement;

- Plaintiff has been given a reasonable period of time of at least 21 days to consider this Agreement;

- Plaintiff understands this Agreement and has obtained answers to questions which Plaintiff has raised about the Agreement; and

- no statements made by CHRW or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

17.     **Right To Revoke Waiver Of Age Discrimination In Employment Claims.** If Plaintiff is 40 years of age or older, Plaintiff specifically affirms Plaintiff's intent to waive and release all claims Plaintiff may have against CHRW, including age discrimination claims under the ADEA as set forth in paragraph 4 of this Agreement. Plaintiff acknowledges that Plaintiff has been given a period of time of at least 21 days to consider whether to sign this Agreement. Plaintiff further acknowledges that he/she is entering into this Agreement in compliance with the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 626(f). Plaintiff understands and agrees that any change to the initial terms of this Agreement shall not restart the running of this 21 day period. Plaintiff may cancel or revoke only the ADEA portion of the General Waiver and Release of All Claims in paragraph 4 of this Agreement at any time during the seven days following execution of the Agreement. In order to cancel or revoke the ADEA portion of paragraph 4 of this Agreement, the Plaintiff must timely deliver to Gerald L. Maatman, Jr.,

Seyfarth Shaw LLP, 131 South Dearborn, Suite 2400, Chicago, Illinois 60603, a signed letter or other written notice stating that Plaintiff is canceling or revoking the ADEA portion of paragraph 4 of this Agreement, delivered in person or sent by overnight mail. If Plaintiff timely cancels or revokes the ADEA portion of paragraph 4 of this Agreement, Plaintiff acknowledges and agrees that CHRW shall have seven days from the date of receipt of Plaintiff's revocation in which to decide whether to void the entire Agreement. If CHRW determines within that seven day period that the entire Agreement is void, CHRW shall not be obligated to take the actions described in this Agreement, including but not limited to payment of the Settlement Amount in paragraph 1. If the ADEA portions of paragraph 4 are not timely canceled or revoked by Plaintiff, the Agreement shall become effective on the eighth day following execution by Plaintiff.

18.     **Agreement To Not Seek Future Employment With The Employer.** If Plaintiff is not employed by CHRW at the time Plaintiff signs this Agreement, then Plaintiff agrees, in exchange for the promises made by CHRW in this Agreement, to waive any right Plaintiff may have to reinstatement to employment with CHRW; and Plaintiff further promises not to seek or accept future employment with CHRW in any position or capacity, without the express written consent of the Chief Executive Officer.

**PLAINTIFF AND CHRW ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT.**

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

DONNA EDDY (F/K/A DONNA DOSS)

Dated     8-4-2007

SPRENGER & LANG, PLLC

By     Mara R Thompson

Dated     8-17-07

C. H. ROBINSON WORLDWIDE, INC.

By_____

CH1 11274438.1

Dated_____

CH1 11274438.1

# Exhibit 4

## SETTLEMENT AND GENERAL WAIVER AND RELEASE AGREEMENT

This Settlement and General Waiver and Release Agreement ("Agreement") is between the Plaintiff Janet Rose Hays on behalf of him/herself, his/her spouse, attorneys, agents, representatives, assignees, heirs, executors, beneficiaries, and trustees (collectively, "Plaintiff"), and C. H. Robinson Worldwide, Inc. ("CHRW"). Plaintiff and CHRW are collectively referred to as "the Parties."

WHEREAS, Plaintiff filed a consent for purposes of asserting claims under the Fair Labor Standards Act ("FLSA") in the cases *Carlson, et al. v. C. H. Robinson Worldwide, Inc.*, Civil No. 02-3780, United States District Court for the District of Minnesota (filed October 2, 2002) or *Johnson, et al. v. C. H. Robinson Worldwide, Inc.*, Civil No. 02-4261, United States District Court for the District of Minnesota (filed November 14, 2002).

WHEREAS, on November 27, 2002, the United States District Court for the District of Minnesota consolidated the *Carlson* and *Johnson* actions; on May 20, 2003, the court entered an order which conditionally certified separate Section 216(b) FLSA classes; and on September 26, 2006, the court decertified the putative classes and dismissed the opt-in claimants, including Plaintiff, from the suit, without prejudice.

WHEREAS, Plaintiff subsequently filed a separate FLSA lawsuit against CHRW before the United States District Court for the Northern District of Illinois, captioned as *Austin, et. al. v. C. H. Robinson Worldwide, Inc.*, Case No. 06-6669 ("Lawsuit") alleging a failure to pay overtime wages in violation of the FLSA.

WHEREAS, Plaintiff and CHRW are interested in avoiding further legal costs and aggravation and in fully and expeditiously resolving all claims, charges, or issues of law or fact that have been or could have been raised by Plaintiff against CHRW as of the date Plaintiff signs this Agreement, except as provided in Paragraph 8 below.

In consideration of the mutual covenants and promises contained herein, Plaintiff and CHRW hereby agree as follows:

1.      **Monetary Payment**. In complete settlement of any and all claims that Plaintiff may have against CHRW, including but not limited to those encompassed by the Lawsuit (except as provided in Paragraph 8 below), and in support of all other covenants and promises contained herein, Plaintiff shall receive the gross sum of .
("Settlement Amount"), which shall be paid through CHRW's payroll, minus applicable tax withholdings, for overtime wages claimed as lost by Plaintiff. CHRW will use the last state of employment in determining the applicable state-tax withholdings for Plaintiff. Payment of the Settlement Amount is contingent upon Plaintiff providing Plaintiff's Social Security number, complete name, and current address to CHRW, pursuant to IRS Form W-9. CHRW will issue, in accordance with applicable IRS procedures, an IRS Form W-2 to Plaintiff reflecting this payment.

**REDACTED**

Plaintiff acknowledges that the Settlement Amount constitutes valid and sufficient consideration for the promises contained in the Agreement and that CHRW was not otherwise obligated to pay Plaintiff the Settlement Amount.

The Parties acknowledge that Plaintiff is and has been during the course of the Lawsuit represented by either Sprenger & Lang, PLLC ("Sprenger & Lang") or Mansfield Tanick & Cohen, PA ("Mansfield Tanick"), and that Sprenger & Lang or Mansfield Tanick (as applicable) maintains an attorneys' lien on Plaintiff's claims in the Lawsuit. The Parties further acknowledge that Sprenger & Lang's lien shall be promptly released and discharged upon CHRW's separate payment to Sprenger & Lang in the amount set forth in paragraph 12 of the "Term Sheet of Confidential Settlement" executed by Steven M. Sprenger, dated March 19, 2007. The Parties also acknowledge that Mansfield Tanick's lien shall be promptly released and discharged upon CHRW's separate payment to Mansfield Tanick in the amount set forth in Magistrate Judge Jeanne J. Graham's Sealed Order dated May 9, 2007.

Payments of the Settlement Amount shall be made no later than a date which is 30 days after the appropriate district court's entry of an order dismissing Plaintiff's claims with prejudice.

2.    **Dismissal of Plaintiff's Claims In The Lawsuit.** The Parties agree to execute and file a Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, along with a Joint Memorandum of Law in Support of the Joint Motion of the Parties To Approve the Settlements of Their FLSA Claims and Lawsuits, in a form substantially identical to Exhibits A and B, attached hereto. The Parties agree that Plaintiff's claims will be dismissed with prejudice.

3.    **Litigation Costs And Attorneys' Fees.** Plaintiff and CHRW understand and agree that, with the exception of payments provided in this Agreement, each will be solely responsible for all expenses incurred by them respectively or on their behalf, including but not limited to their respective attorneys' fees, costs, and disbursements.

4.    **General Waiver And Release Of All Claims.** With the exception of rights under this Agreement, and as otherwise provided in Paragraph 8 below, Plaintiff hereby releases CHRW, its parent, divisions, subsidiaries, predecessors, successors, directors, officers, fiduciaries, insurers, employees, attorneys, and agents (collectively, "Released Parties") from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of his/her employment by CHRW up to the date Plaintiff executes this Agreement. This release includes, but is not limited to, any action or claim under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, any applicable state fair employment practices act, including, but not limited to, the Age Discrimination in Employment Act ("ADEA") (if applicable), the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act, any applicable state wage and hour laws, any applicable federal, state or local fair employment practice laws, any other applicable federal, state or local statute or ordinance, and any claim arising under common law principle or public policy, except claims or proceedings necessary to enforce the provisions of this Agreement and claims that cannot be waived as a matter of law. If

Plaintiff worked for CHRW in New Jersey, Plaintiff also releases any action or claim under the New Jersey Conscientious Employee Protection Act. If Plaintiff worked for CHRW in Nebraska, Plaintiff also releases any action or claim under the Nebraska Fair Employment Practice Act and Neb. Rev. Stat. § 20-148. It is understood and agreed that this Agreement constitutes a full and final release covering all known, unknown, anticipated and unanticipated injuries, debts, claims or damages to Plaintiff which have arisen, or may have arisen, in connection with Plaintiff's employment by CHRW, as well as those injuries, debts, claims or damages not known or disclosed which have arisen, or may have arisen, from said employment, up to the date Plaintiff signs this Agreement. Plaintiff further waives any and all rights or benefits which Plaintiff does not know or expect to exist at the time of Plaintiff's execution of this Agreement which, if known by Plaintiff, would have materially affected this settlement with CHRW. Plaintiff agrees that this is a complete and final settlement and specifically affirms Plaintiff's intention to release not only those claims against CHRW and the Released Parties which Plaintiff knows about, but also those claims about which Plaintiff does not know. Plaintiff also stipulates that the consideration provided pursuant to this Agreement, including that described in paragraph 1 above, is in full and complete satisfaction of any claims related to or arising out of Plaintiff's employment by CHRW up to the date Plaintiff signs this Agreement. Plaintiff also acknowledges that Plaintiff has been paid properly for all hours worked and has received all leave to which Plaintiff is entitled. PLAINTIFF UNDERSTANDS THAT, BY ENTERING INTO THIS AGREEMENT, PLAINTIFF NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST CHRW OR THE RELEASED PARTIES FOR ACTS OR INJURIES RELATED TO OR ARISING OUT OF PLAINTIFF'S EMPLOYMENT BY CHRW OCCURRING BEFORE THE DATE PLAINTIFF SIGNS THIS AGREEMENT.

5.    **California Plaintiffs Only - Release of Unknown Claims.** For the purpose of implementing full and complete releases, the Parties expressly acknowledge that the release given in this Agreement are intended to include, without limitation, claims that they did not know or suspect to exist in their favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based would materially have affected the settlement of this matter; and that the consideration given under the Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise. The Parties expressly waive any right or benefit available to them in any capacity under the provisions of section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO ALL CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

6.    **Montana Plaintiffs Only.** For purposes of implementing the release in paragraph 4, the Parties expressly acknowledge that the General Waiver and Release of All Claims in paragraph 4 above does not include a waiver for fraud, willful injury to the person or property of

another, or for violation of the law, whether willful or negligent pursuant to Mont. Code Ann. § 28-2-702.

7. **Covenant Not To Sue.** A "covenant not to sue" is a legal term which means that Plaintiff promises not to file a lawsuit against CHRW or the Released Parties. It is different from the General Waiver and Release of All Claims contained in paragraph 4 above. Besides waiving and releasing the claims covered by paragraph 4 above, Plaintiff agrees never to sue CHRW or any of the Released Parties in any forum for claims, laws, or theories covered by the General Waiver and Release of All Claims language in paragraph 4 above, up to the date of execution of this Agreement. Plaintiff agrees that any such claim, if filed, shall be immediately dismissed with prejudice upon request by CHRW or the Released Parties (as applicable).

Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim against CHRW to enforce this Agreement or, if Plaintiff is 40 years of age or older, to challenge the validity of this Agreement under the ADEA. In addition, Plaintiff may continue to prosecute Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C. If Plaintiff sues or files a claim against CHRW or any of the Released Parties in violation of this Agreement, Plaintiff shall be liable to CHRW and/or the Released Parties (as applicable) for its/their reasonable attorneys' fees in defending against such suit or claim. (As indicated above, it would not violate any part of this Agreement to sue CHRW to enforce this Agreement, or to challenge the validity of this Agreement under the ADEA if Plaintiff is 40 years of age or older.)

8. **Exclusions From General Waiver And Release Of All Claims.** Excluded from the General Waiver and Release of All Claims in paragraph 4 above are any claims or rights which cannot be waived by law, Plaintiff's Title VII claims (if any) that are currently the subject of a separate lawsuit and identified in Exhibit C, and Plaintiff's pending workers' compensation claim (Claim No. 2193 53055, Appeals Board No. LA00875620). Also excluded from the General Waiver and Release of All Claims in paragraph 4 above is Plaintiff's right to file a charge with an administrative agency or participate in any agency investigation. Plaintiff is, however, waiving Plaintiff's right to recover money in connection with such a charge or investigation. Plaintiff is also waiving Plaintiff's right to recover money in connection with a charge filed by any other individual or by the Equal Employment Opportunity Commission or any other federal or state agency.

9. **Nondisparagement.** Plaintiff agrees not to make, publish or state, or cause to be made, published or stated, any defamatory or disparaging statement, writing or communication pertaining to the character, reputation, business practices, competence or conduct of CHRW or any of the Released Parties. The Parties acknowledge that this paragraph will not inhibit Plaintiff's truthful testimony under oath pursuant to a valid and enforceable subpoena in any judicial or administrative proceeding, provided Plaintiff provides a copy of such subpoena to CHRW's General Counsel at least five (5) business days before giving any such testimony.

10. **Confidentiality And Non-Disclosure.** Plaintiff agrees that the terms of this Agreement, the discussions that led to its creation and execution, and the claims, allegations, and disputes that are being resolved by this Agreement are to remain strictly confidential and shall

not be disclosed or communicated to any person, unless disclosure is required by law or a court order, or in connection with requesting that the court dismiss the Lawsuit. Plaintiff may, however, disclose the terms of this Agreement to Plaintiff's immediate family members, attorneys and tax advisors, who must maintain the confidentiality of this Agreement. If inquiries arise concerning Plaintiff's dispute with CHRW or this Agreement by a person other than those listed above, Plaintiff or such other person simply will state that "the matter has been resolved" and will make no other comment. CHRW may disclose the terms of this Agreement to its attorneys, auditors, tax advisors, members of the Board of Directors, or those employees with a need to know such information in the course of their duties and responsibilities. A breach of this provision shall be considered a material breach. Plaintiff warrants that Plaintiff has not disclosed the settlement, the Settlement Amount (or any portion thereof), the Agreement or its terms up to the date of execution of the Agreement, except as provided in the Agreement.

11.      No Admission Of Liability. It is agreed and understood that, by entering into this Agreement, there is no admission of liability or wrongdoing by CHRW whatsoever, nor any admission by CHRW that Plaintiff's claim would have been successful. As CHRW denies all allegations of the violation of any law, statute, ordinance, regulation, common law, tort, or contract, this Agreement results solely from the Parties' desire to save litigation costs and attorneys' fees. The existence and execution of this Agreement shall not be considered, and shall not be admissible, in any proceeding as an admission by CHRW or any of its agents or Plaintiff of any liability, error, or violation of law.

12.      Applicable Law And Entire Agreement. The Parties agree that this Agreement shall be construed in accordance with the laws, including the law of conflicts, of the State of Illinois. Furthermore, the Parties acknowledge and agree that if Plaintiff is represented by Sprenger & Lang in the Lawsuit, this Agreement incorporates the terms and conditions of the Settlement Term Sheet Of Confidential Settlement dated March 19, 2007 (attached hereto and incorporated herein as Exhibit D). The Parties further acknowledge and agree that if Plaintiff is represented by Mansfield Tanick in the Lawsuit, then pursuant to the "Agreed Ground Rules" dated May 2, 2007 (attached hereto and incorporated herein as Exhibit E), this Agreement incorporates the terms and conditions of the Term Sheet Of Confidential Settlement dated April 25, 2007 (sent at 9:45 a.m.) [attached hereto and incorporated herein as Exhibit F). The Parties acknowledge that this Agreement and its applicable attachments constitute the complete understanding between Plaintiff and CHRW. No other promises or agreements, either express or implied, shall be binding unless in writing and signed by the Parties.

13.      Severability. To the extent a court of competent jurisdiction holds that any portion of this Agreement, other than the General Waiver and Release of All Claims in paragraph 4, is either invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect. Plaintiff agrees, however, that if any portion of paragraph 4 of this Agreement is found to be either invalid or unenforceable, in whole or in part, CHRW shall have discretion to require that Plaintiff return the Settlement Amount, provided CHRW notifies Plaintiff within 30 days of the date that all or any portion of paragraph 4 has been deemed invalid or unenforceable.

14.     **Enforcement.** Other than as set forth in paragraph 7 above, in the event that Plaintiff or CHRW takes action, in law or equity, for an alleged breach of the Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with such action, such attorneys' fees and costs to be paid by the nonprevailing party.

15.     **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Plaintiff and CHRW, and their respective heirs, executors, successors, agents and/or representatives.

16.     **Voluntary And Knowing Agreement.** Plaintiff hereby warrants and represents that:

- Plaintiff is competent, as a matter of law, to enter into this Agreement;

- Plaintiff has been advised and encouraged by CHRW to consult with an attorney before signing this Agreement, and is in fact represented by counsel at the time of execution of this Agreement;

- Plaintiff has relied on Plaintiff's own judgment and that of Plaintiff's counsel regarding the consideration for and language of this Agreement;

- Plaintiff has been given a reasonable period of time of at least 21 days to consider this Agreement;

- Plaintiff understands this Agreement and has obtained answers to questions which Plaintiff has raised about the Agreement; and

- no statements made by CHRW or any other party have in any way coerced or unduly influenced Plaintiff to execute this Agreement.

17.     **Right To Revoke Waiver Of Age Discrimination In Employment Claims.** If Plaintiff is 40 years of age or older, Plaintiff specifically affirms Plaintiff's intent to waive and release all claims Plaintiff may have against CHRW, including age discrimination claims under the ADEA as set forth in paragraph 4 of this Agreement. Plaintiff acknowledges that Plaintiff has been given a period of time of at least 21 days to consider whether to sign this Agreement. Plaintiff further acknowledges that he/she is entering into this Agreement in compliance with the Older Workers Benefit Protection Act of 1990, 29 U.S.C. § 626(f). Plaintiff understands and agrees that any change to the initial terms of this Agreement shall not restart the running of this 21 day period. Plaintiff may cancel or revoke only the ADEA portion of the General Waiver and Release of All Claims in paragraph 4 of this Agreement at any time during the seven days following execution of the Agreement. In order to cancel or revoke the ADEA portion of paragraph 4 of this Agreement, the Plaintiff must timely deliver to Gerald L. Maatman, Jr., Seyfarth Shaw LLP, 131 South Dearborn, Suite 2400, Chicago, Illinois 60603, a signed letter or other written notice stating that Plaintiff is canceling or revoking the ADEA portion of paragraph 4 of this Agreement, delivered in person or sent by overnight mail. If Plaintiff timely cancels or revokes the ADEA portion of paragraph 4 of this Agreement, Plaintiff acknowledges and agrees

that CHRW shall have seven days from the date of receipt of Plaintiff's revocation in which to decide whether to void the entire Agreement. If CHRW determines within that seven day period that the entire Agreement is void, CHRW shall not be obligated to take the actions described in this Agreement, including but not limited to payment of the Settlement Amount in paragraph 1. If the ADEA portions of paragraph 4 are not timely canceled or revoked by Plaintiff, the Agreement shall become effective on the eighth day following execution by Plaintiff.

18.    **Agreement To Not Seek Future Employment With The Employer**. If Plaintiff is not employed by CHRW at the time Plaintiff signs this Agreement, then Plaintiff agrees, in exchange for the promises made by CHRW in this Agreement, to waive any right Plaintiff may have to reinstatement to employment with CHRW; and Plaintiff further promises not to seek or accept future employment with CHRW in any position or capacity, without the express written consent of the Chief Executive Officer.

**PLAINTIFF AND CHRW ACKNOWLEDGE THAT THEY HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT.**

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

JANET ROSE HAYS

Dated _8/28/07_

SPRENGER & LANG, PLLC

By _____

Dated _9/28/2007_

C. H. ROBINSON WORLDWIDE, INC.

By_____

Dated_____