UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., <br><br> Overtime Pay Litigation | ) <br> ) CASE NO. 07-MD-01849 <br> ) (JNE) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF MARA R. THOMPSON

After first being duly sworn, I, Mara R. Thompson, state the following:

1. I am a partner of the law firm of Sprenger & Lang, PLLC, and one of the attorneys representing the women opt in plaintiffs in this case.

2. In compliance with the Court's December 21, 2007 Order, on December 26, 2007, Sprenger & Lang ("S&L") placed in the U.S. mail addressed to each of the following 12 women opt-in plaintiffs at her last known address (1) a copy of the Court's December 21, 2007 Order Requiring Response; (2) a Notice of Required Response; (3) a Settlement and General Waiver and Release Agreement and Exhibits A-D; (4) a Form W-9; and (5) a pre-paid, pre-addressed return envelope:

      a. Carrie Damien
      b. Michelle Dibb (n/k/a Moore)
      c. Catherine Dick
      d. Christina Doto
      e. Jill East (n/k/a Henderson)
      f. Celeste Hernandez
      g. Michelle Janovitz
      h. Gina Klein
      i. Jennifer McInnis

77527

  j. Quinzola Neely
  k. Nicole Weiss
  l. Leslie Williams-Ogletree

3. On December 26, 2007, S&L sent Carrie Damien the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Damien included a telephone number for her to call S&L if she had any questions. S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad, and we can only assume the package reached Ms. Damien's last known mailing address. Ms. Damien has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Damien, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Damien at the last known telephone number S&L has for her -- 786-573-3552. There was no answer and no voicemail. Ms. Olson searched for and found another, apparently older telephone number for Ms. Damien in the LexisNexis database SmartLinx -- 305-232-0457. Ms. Olson called this phone number. There was no name on the outgoing voice-mail message, just a computer generated voice. We cannot tell if it is Ms. Damien's phone number or not. Ms. Olson left a message for Ms. Damien on this voice-mail system. Ms. Damien has not returned this call.

4. On December 26, 2007, S&L sent Michelle Dibb the Notice of Required Response addressed to her last known address. On January 7, 2008, S&L received a completed Notice of Required Response indicating that she wished to settle her claim, a signed Settlement and General Waiver and Release Agreement and a completed and

77527                              2

signed W-9 Form from Ms. Dibb, along with documentation certifying a change of her name from Michelle Dibb to Michelle Moore. The completed Notice of Required Response indicating that Ms. Moore wishes to settle her claim is attached hereto as Exhibit A. S&L has forwarded Ms. Moore's signed Settlement Agreement and completed and signed W-9 form to CHRW counsel for payment of her settlement amount to her when all other opt in plaintiffs receive their settlement amounts.

5. On December 26, 2007, S&L sent Catherine Dick the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Dick included a telephone number for her to call S&L if she had any questions. S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad, and we can only assume the package reached Ms. Dick's last known mailing address. Ms. Dick has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Dick, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Dick at the last known telephone number S&L has for her -- 630-375-1259. A male voice appears on outgoing message at this phone number, but does not refer to any names; he just recites the phone number. Therefore, we cannot tell if this is Ms. Dick's phone number or not. Ms. Olson left Ms. Dick a message on this voice-mail system. Ms. Dick has not returned the call. Ms. Olson searched the LexisNexis database SmartLinx, but did not find another number for Ms. Dick.

6. On December 26, 2007, S&L sent Christina Doto the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Doto included a telephone number for her to call S&L if she had any questions. S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad, and we can only assume the package reached Ms. Doto's last known mailing address. Ms. Doto has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Doto, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Doto at the last known telephone number S&L has for her -- 856-228-7008. There is no identification of whose phone number this is on the voice-mail system's outgoing message – just a computer generated voice. We cannot tell if this is Ms. Doto's phone number or not. Ms. Olson left a message for Ms. Doto on this phone number. Ms. Doto has not returned the call. The last time Ms. Olson received an answer at this telephone number in 2006, she was informed that there was no Christina Doto there; that it was the wrong number. Ms. Olson also searched the LexisNexis database SmartLinks and found another possible number, 856-415-1161, although it appears to be old or incorrect. Ms. Olson left Ms. Doto a message on this phone number, but the outgoing message indicates that this is the "Finis" residence. No one has returned this call.

7. On December 26, 2007, S&L sent Jill East the Notice of Required Response addressed to her last known address. On January 11, 2008, S&L received a completed Notice of Required Response indicating that she wished to settle her claim, a

signed Settlement and General Waiver and Release Agreement and a completed W-9 Form from Ms. East, along with a letter indicating that her name is now Jill Kristen Henderson. The completed Notice of Required Response indicating that Ms. Henderson (f/k/a East) wishes to settle her claim is attached hereto as Exhibit B. S&L has forwarded Ms. Henderson's signed Settlement Agreement and completed W-9 form to CHRW counsel for payment of her settlement amount to her when all other opt in plaintiffs receive their settlement amounts.

8. On December 26, 2007, S&L sent Celeste Hernandez the Notice of Required Response addressed to her last known address. On January 14, 2008, S&L received a completed Notice of Required Response indicating that she wished to settle her claim, a signed Settlement and General Waiver and Release Agreement and a completed and signed W-9 Form from Ms. Hernandez. The completed Notice of Required Response indicating that Ms. Hernandez wishes to settle her claim is attached hereto as Exhibit C. S&L has forwarded Ms. Hernandez's signed Settlement Agreement and completed and signed W-9 form to CHRW counsel for payment of her settlement amount to her when all other opt in plaintiffs receive their settlement amounts.

9. On December 26, 2007, S&L sent Michelle Janovitz the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Janovitz included a telephone number for her to call S&L if she had any questions. On January 7, 2008, S&L received the package addressed to Ms. Janovitz back from the U.S. Postal Service marked "UTF," shorthand for "unable to forward." S&L paralegal Lynne Musil searched a LexisNexis database, SmartLinks, and located another, apparently older

address for Ms. Janovitz. Ms. Musil's searches of the LexisNexis database did not result in locating a working telephone number for Ms. Janovitz. According to the LexisNexis database, the first address S&L used was more accurate and recent than the second attempted address. However, in order to make every effort to reach Ms. Janovitz, on January 7, 2008, S&L remailed the package to Ms. Janovitz at the second address indicated in the LexisNexis database, including the cover letter containing the telephone number of S&L for her to call with any questions. S&L has not received the second package back from the U.S. Postal Service with any information about the second attempted address being incorrect or bad. Ms. Janovitz has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Janovitz, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Janovitz at the last known telephone number S&L has for her -- 952-403-6795. There was no answer and no voicemail. Ms. Olson also searched the LexisNexis database SmartLinks and located what appears to be an old telephone number for Ms. Janovitz -- 952-346-9186. While it is not clear that this is Ms. Janovitz's current telephone number, Ms. Olson called this telephone number and left message for Ms. Janovitz. No one has returned this call.

10. On December 26, 2007, S&L sent Gina Klein the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Klein included a telephone number for her to call S&L if she had any questions. On January 4, 2008, S&L received a completed Notice of Required Response from Ms. Klein indicating

that she wished to dismiss her claim with prejudice. A copy of Ms. Klein's completed Notice of Required Response is attached hereto as Exhibit D. Ms. Klein also returned a signed Settlement Agreement. Because it was not clear whether Ms. Klein wished to collect the settlement amount offered or dismiss her claim, I attempted to contact Ms. Klein at the last known telephone number, a cell phone number, that S&L has for Ms. Klein. That telephone number has an outgoing message indicating that you can leave a message "for Gina." I left messages on January 7, 2008 and January 14, 2008 asking Ms. Klein to call me and let me know which she wished to do – settle or dismiss her claim. At 6:57 p.m. on January 14, 2008, Ms. Klein returned my calls and left me a voice mail indicating that she wished to dismiss her claim and that she did not wish to receive any compensation from this matter.

11. On December 26, 2007, S&L sent Jennifer McInnis the Notice of Required Response addressed to her last known address. On January 14, 2008, S&L received a completed Notice of Required Response indicating that she wished to settle her claim, a signed Settlement and General Waiver and Release Agreement and a completed and signed W-9 Form from Ms. McInnis. The completed Notice of Required Response indicating that Ms. McInnis wishes to settle her claim is attached hereto as Exhibit E. S&L has forwarded Ms. McInnis' signed Settlement Agreement and completed and signed W-9 form to CHRW counsel for payment of her settlement amount to her when all other opt in plaintiffs receive their settlement amounts.

12. On December 26, 2007, S&L sent Quinzola Neely the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Neely

included a telephone number for her to call S&L if she had any questions. S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad. Prior mailing S&L sent to his address were returned as undeliverable, but it is the last known address S&L has for Ms. Neely. Ms. Neely has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Neely, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Neely at the last known telephone number S&L has for her -- 269-926-1404. S&L's previous information was that this telephone number had been disconnected. When Ms. Olson called this telephone number on January 17, 2008, a woman answered and informed Ms. Olson that she had the wrong number. Ms. Olson attempted to call Ms. Neely at another telephone number S&L once had for Ms. Neely -- 269-925-9828. There was no name on the outgoing message of this voice-mail system -- just a computer generated voice reciting the phone number. Ms. Olson left a message for Ms. Neely even though we cannot tell if this is Ms. Neely's phone number or not. No one has returned this call. Ms. Olson searched the LexisNexis database SmartLinks as well and located what appeared to be another old telephone number for Ms. Neely -- 269-926-2369. Ms. Olson attempted to call Ms. Neely at this telephone number, but the person who answered the phone informed Ms. Olson that it was the wrong number.

13. On December 26, 2007, S&L sent Nicole Weiss the Notice of Required Response addressed to her last known address. The cover letter enclosed to Ms. Weiss

included a telephone number for her to call S&L if she had any questions.  S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad, and we can only assume the package reached Ms. Weiss' last known mailing address.  Ms. Weiss had not called or responded nor had she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice.  On January 17, 2008, Ms. Olson telephoned the last known telephone number for Ms. Weiss.  Ms. Weiss answered the phone and indicated that she had questions relating to the calculations of her settlement award compared with her husband's.  He is one of the men opt-in plaintiffs.  I contacted counsel for the men opt-ins and obtained information relating to the calculations of the settlement offered to Ms. Weiss' husband and the reasons for the differences in the calculations of their awards under the formulae.  I returned Ms. Weiss' call and explained how her settlement amount and her husband's were calculated.  Ms. Weiss informed me that she wished to dismiss her claim as her settlement amount of just over $8, particularly after deductions for taxes, is not worth the time.  I requested that she complete the Notice of Required Response and return it to me via fax.  She said she would do so on January 18, 2008.

14. On December 26, 2007, S&L sent Leslie Williams-Ogletree the Notice of Required Response addressed to her last known address.  The cover letter enclosed to Ms. Williams-Ogletree included a telephone number for her to call S&L if she had any questions.  S&L has not received the package back from the U.S. Postal Service with any information about the address being incorrect or bad, and we can only assume the

package reached Ms. Williams-Ogletree's last known mailing address. Ms. Williams-Ogletree has not called or responded nor has she completed or returned the Notice of Required Response despite the notification that this failure could result in the dismissal of her claim with prejudice. In a last attempt to reach Ms. Williams-Ogletree, on January 17, 2008, Jacqueline Olson, S&L paralegal, attempted to telephone Ms. Williams-Ogletree at the last known telephone number S&L has for her -- 773-378-0528. Ms. Olson received only a recording informing her that the telephone number has been disconnected. Ms. Olson attempted to call Ms. Williams-Ogletree at another old telephone number S&L had for her at one point -- 773-410-3052. There was no answer and no voicemail. Finally, Ms. Olson searched the LexisNexis database SmartLinks for a telephone number for Ms. Williams-Ogletree. The database returned a possible telephone number of -- 773-216-1177. When Ms. Olson attempted to call Ms. Williams-Ogletree at this number, she was informed that it was the wrong number.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of January 2008 in Minneapolis, Minnesota.

<u>s/ Mara R. Thompson</u>
Mara R. Thompson

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation | Case No. 07-md-1849 (JNE) |

## NOTICE OF REQUIRED RESPONSE

Plaintiff: Michelle Dibb
13150 185th Street
Milaca, MN 56353

This notice is to inform you that your claim for overtime compensation against C.H. Robinson Worldwide, Inc. is before the Court for settlement approval. Your potential settlement amount under the agreed-to formula is $ 2,044.24.

The Court has entered an Order which requires that **on or before January 15, 2008**, you must respond and inform counsel whether you want to (a) settle your claim; (b) pursue your claim instead of settling or (c) dismiss your claim with prejudice instead of settling. A copy of the Court's Order requiring a response is enclosed. Please place an "X" next to the response you choose and return this completed Notice in the enclosed pre-paid, pre-addressed envelope. **Failure to timely respond to this Notice may result in dismissal of your claim with prejudice.**

__✓__ I wish to settle my claim. **If you choose to settle your claim, you MUST return a signed original of the enclosed Settlement Agreement and General Waiver and Release and a completed W-9 form to counsel (either Sprenger & Lang or Mansfield, Tanick & Cohen, as appropriate) by no later than January 15, 2008.** Additional copies of these documents are enclosed for your convenience.

____ I wish to pursue my claim through individual litigation instead of accepting the amount I am offered in settlement.

____ I wish to dismiss my claim with prejudice.

Please ensure that you place the envelope in regular U.S. Mail by no later than January 11, 2008 in order for it to be received by January 15, 2008.



RECEIVED
JAN 7 2008
by S. Lang

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation | Case No. 07-md-1849 (JNE) |

## NOTICE OF REQUIRED RESPONSE

Plaintiff: Jill East
113 Covington Street
Panama City Beach, FL 32413

This notice is to inform you that your claim for overtime compensation against C.H. Robinson Worldwide, Inc. is before the Court for settlement approval. Your potential settlement amount under the agreed-to formula is $ <u>750.00.</u>

The Court has entered an Order which requires that **on or before January 15, 2008,** you must respond and inform counsel whether you want to (a) settle your claim; (b) pursue your claim instead of settling or (c) dismiss your claim with prejudice instead of settling. A copy of the Court's Order requiring a response is enclosed. Please place an "X" next to the response you choose and return this completed Notice in the enclosed pre-paid, pre-addressed envelope. <u>**Failure to timely respond to this Notice may result in dismissal of your claim with prejudice.**</u>

**_X_**  **I wish to settle my claim. If you choose to settle your claim, you MUST return a signed original of the enclosed Settlement Agreement and General Waiver and Release and a completed W-9 form to counsel (either Sprenger & Lang or Mansfield, Tanick & Cohen, as appropriate) by no later than January 15, 2008.** Additional copies of these documents are enclosed for your convenience.

_____  I wish to pursue my claim through individual litigation instead of accepting the amount I am offered in settlement.

_____  I wish to dismiss my claim with prejudice.

Please ensure that you place the envelope in regular U.S. Mail by no later than January 11, 2008 in order for it to be received by January 15, 2008.



RECEIVED
JAN 1 4 2008
Sprenger & Lang

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation | Case No. 07-md-1849 (JNE) |

## NOTICE OF REQUIRED RESPONSE

Plaintiff: Celeste Hernandez
11431 NW 33rd Street
Sunrise, FL 33323

This notice is to inform you that your claim for overtime compensation against C.H. Robinson Worldwide, Inc. is before the Court for settlement approval. Your potential settlement amount under the agreed-to formula is $ 580.05.

The Court has entered an Order which requires that **on or before January 15, 2008**, you must respond and inform counsel whether you want to (a) settle your claim; (b) pursue your claim instead of settling or (c) dismiss your claim with prejudice instead of settling. A copy of the Court's Order requiring a response is enclosed. Please place an "X" next to the response you choose and return this completed Notice in the enclosed pre-paid, pre-addressed envelope. **Failure to timely respond to this Notice may result in dismissal of your claim with prejudice.**

__X__ I wish to settle my claim. **If you choose to settle your claim, you MUST return a signed original of the enclosed Settlement Agreement and General Waiver and Release and a completed W-9 form to counsel (either Sprenger & Lang or Mansfield, Tanick & Cohen, as appropriate) by no later than January 15, 2008.** Additional copies of these documents are enclosed for your convenience.

____ I wish to pursue my claim through individual litigation instead of accepting the amount I am offered in settlement.

____ I wish to dismiss my claim with prejudice.

Please ensure that you place the envelope in regular U.S. Mail by no later than January 11, 2008 in order for it to be received by January 15, 2008.


RECEIVED JAN 1 4 2008 Sprenger & Lang

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re C.H. Robinson Worldwide, Inc., ) Case No. 07-md-1849 (JNE)
Overtime Pay Litigation )

NOTICE OF REQUIRED RESPONSE

Plaintiff: Gina Klein
847 Boyd Court
Batavia, IL 60510

This notice is to inform you that your claim for overtime compensation against C.H. Robinson Worldwide, Inc. is before the Court for settlement approval. Your potential settlement amount under the agreed-to formula is $ 750.00.

The Court has entered an Order which requires that **on or before January 15, 2008**, you must respond and inform counsel whether you want to (a) settle your claim; (b) pursue your claim instead of settling or (c) dismiss your claim with prejudice instead of settling. A copy of the Court's Order requiring a response is enclosed. Please place an "X" next to the response you choose and return this completed Notice in the enclosed pre-paid, pre-addressed envelope. **Failure to timely respond to this Notice may result in dismissal of your claim with prejudice.**

_____ I wish to settle my claim. **If you choose to settle your claim, you MUST return a signed original of the enclosed Settlement Agreement and General Waiver and Release and a completed W-9 form to counsel (either Sprenger & Lang or Mansfield, Tanick & Cohen, as appropriate) by no later than January 15, 2008.** Additional copies of these documents are enclosed for your convenience.

_____ I wish to pursue my claim through individual litigation instead of accepting the amount I am offered in settlement.

__X__ I wish to dismiss my claim with prejudice.

Please ensure that you place the envelope in regular U.S. Mail by no later than January 11, 2008 in order for it to be received by January 15, 2008.


RECEIVED JAN 0 4 2008 Sprenger & Lang

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re C.H. Robinson Worldwide, Inc., Overtime Pay Litigation ) ) ) ) | Case No. 07-md-1849 (JNE) |

NOTICE OF REQUIRED RESPONSE

Plaintiff:  Jennifer McInnis
3345 Corporal Drive
San Diego, CA 92124

This notice is to inform you that your claim for overtime compensation against C.H. Robinson Worldwide, Inc. is before the Court for settlement approval. Your potential settlement amount under the agreed-to formula is $ <u>647.79.</u>

The Court has entered an Order which requires that **on or before January 15, 2008**, you must respond and inform counsel whether you want to (a) settle your claim; (b) pursue your claim instead of settling or (c) dismiss your claim with prejudice instead of settling. A copy of the Court's Order requiring a response is enclosed. Please place an "X" next to the response you choose and return this completed Notice in the enclosed pre-paid, pre-addressed envelope. <u>**Failure to timely respond to this Notice may result in dismissal of your claim with prejudice.**</u>

   **X**   I wish to settle my claim. **If you choose to settle your claim, you MUST return a signed original of the enclosed Settlement Agreement and General Waiver and Release and a completed W-9 form to counsel (either Sprenger & Lang or Mansfield, Tanick & Cohen, as appropriate) by no later than January 15, 2008.** Additional copies of these documents are enclosed for your convenience.

   ____   I wish to pursue my claim through individual litigation instead of accepting the amount I am offered in settlement.

   ____   I wish to dismiss my claim with prejudice.

Please ensure that you place the envelope in regular U.S. Mail by no later than January 11, 2008 in order for it to be received by January 15, 2008.


RECEIVED
JAN 1 4 2008
Sprenger & Lang