UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re C.H. Robinson Worldwide, Inc.,                       Case No. 07-md-1849 (JNE)
        Overtime Pay Litigation.

        The Court conditionally certified collective actions under the Fair Labor Standards Act. Later, the Court decertified the putative collective actions. Individuals who had opted to join the putative collective actions then filed separate actions in several districts. The Judicial Panel on Multidistrict Litigation transferred the actions to the District of Minnesota for coordinated or consolidated pretrial proceedings. The case is before the Court on the parties' joint motions to approve settlements and C.H. Robinson Worldwide, Inc.'s supplemental motion regarding settlement approval.

*Motions to approve settlements*

        Plaintiffs allege that they were improperly classified as exempt under the Fair Labor Standards Act (FLSA) and worked hours for which they were not properly paid. C.H. Robinson Worldwide denies the allegations. The parties dispute a number of significant issues in this case, including: (a) whether Plaintiffs were exempt from the overtime requirements of the FLSA, and thus whether C.H. Robinson Worldwide can be held liable for any of the settled claims; (b) whether Plaintiffs worked more than forty hours per week; (c) whether C.H. Robinson Worldwide acted in good faith at all times, and thus whether Plaintiffs are entitled to liquidated damages; (d) whether C.H. Robinson Worldwide willfully disregarded Plaintiffs' rights under the FLSA, and thus whether the applicable statute of limitations should be two years or three; and (e) what calculation, if any, should govern monies allegedly owed to Plaintiffs for hours allegedly worked in excess of forty per week. The parties reached Settlement Agreements. The parties jointly assert that their Settlement Agreements are fair, reasonable, and adequate,

particularly in light of the numerous disputed issues that exist, the uncertainty of continued litigation, and the uncertainty surrounding what relief Plaintiffs may or may not obtain through continued litigation.

With regard to Plaintiffs Claudette Manning, Mariam Maskharashvili, Janet Hays, and Donna Eddy, the Court has reviewed their Settlement Agreements. Based on that review, the Court finds that the Settlement Agreements are fair, reasonable, and adequate. The Court therefore grants the joint motion to approve the individual Settlement Agreements between C.H. Robinson Worldwide and Manning, Maskharashvili, Hays, and Eddy and dismisses the four plaintiffs' claims.

With regard to the remaining plaintiffs who settled their claims, the Court has reviewed the Settlement Agreement between C.H. Robinson Worldwide and Plaintiff Justin Accola. The parties jointly represent that, with the exception of the names of the plaintiffs and the dollar amounts to be paid, the terms in Accola's Settlement Agreement are generally identical in all material respects as the terms in every other Settlement Agreement between Defendant and the remaining plaintiffs. Based on the Court's review of Accola's Settlement Agreement, the Court finds that the Settlement Agreements are fair, reasonable, and adequate. The Court therefore grants the joint motion for settlement approval and dismisses the remaining plaintiffs' claims.[1]

---

[1] The parties condition their joint motion for settlement approval on the Court's grant of C.H. Robinson Worldwide's motion to dismiss with prejudice the claims of eight plaintiffs for lack of prosecution [Docket No. 56]. By separate Order, the Court denied the motion insofar as C.H. Robinson Worldwide sought the dismissal of Boris Sazhaev's claim because Sazhaev had submitted settlement documents. The Court otherwise granted the motion. The Court assumes that the parties persist in their joint motion for settlement approval notwithstanding the denial in part of C.H. Robinson Worldwide's motion to dismiss.

*C.H. Robinson Worldwide's supplemental motion regarding settlement approval*

The Settlement Agreements provide: "Payment of the Settlement Amount is contingent upon Plaintiff providing Plaintiff's Social Security number, complete name, and current address to [C.H. Robinson Worldwide], pursuant to IRS Form W-9." C.H. Robinson Worldwide moves for an order stating that it is not obligated to disburse settlement payments to a particular plaintiff until it has received a completed IRS Form W-9 from that plaintiff. The Court grants the motion.

*Order*

Having dismissed the claims of all plaintiffs in this multidistrict litigation pursuant to motions to dismiss or to approve settlements, the Court dismisses all actions within this multidistrict litigation. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The joint motion to approve the settlements of FLSA claims and lawsuits of certain female plaintiffs [Docket Nos. 35 & 45] is GRANTED.

2. The joint motion to approve settlements [Docket No. 40] is GRANTED.

3. C.H. Robinson Worldwide's supplemental motion regarding settlement approval [Docket No. 61] is GRANTED.

4. The Court approves the Settlement Agreements entered into by C.H. Robinson Worldwide and Plaintiffs.

5. C.H. Robinson Worldwide is not obligated to disburse a settlement payment to a particular plaintiff until it has received a completed IRS Form W-9 from that plaintiff.

6. The following cases in the District of Minnesota are DISMISSED WITH PREJUDICE:

    02-cv-4261; 06-cv-4640; 06-cv-4643; 06-cv-4644; 06-cv-4645; 06-cv-4646; 06-cv-4647; 06-cv-4648; 06-cv-4649; 06-cv-4650; 06-cv-4651; 06-cv-4652; 06-cv-4653; 06-cv-4654; 06-cv-4655; 06-cv-4960; 07-cv-89; 07-cv-90; 07-cv-251; 07-cv-542; 07-cv-544; 07-cv-595; 07-cv-1119; 07-cv-1563; 07-cv-1870; 07-cv-1912; 07-cv-2749; 07-cv-2750; 07-cv-2878; 07-cv-3424; 07-cv-3425; 07-cv-3426; 07-cv-3427; 07-cv-3429; 07-cv-3430; 07-cv-3431; 07-cv-3432; 07-cv-3433; 07-cv-3434; 07-cv-3435; 07-cv-

3436; 07-cv-3437; 07-cv-3438; 07-cv-3439; 07-cv-3440; 07-cv-3441; 07-cv-3442; 07-cv-3443; 07-cv-3444; 07-cv-3445; 07-cv-3446; 07-cv-3447; 07-cv-3448; 07-cv-3449; 07-cv-3450; 07-cv-3451; 07-cv-3452; 07-cv-3453; 07-cv-3454; 07-cv-3455; 07-cv-3457; 07-cv-3458; 07-cv-3459; 07-cv-3460; 07-cv-3462; 07-cv-3463; 07-cv-3465; 07-cv-3466; 07-cv-3467; 07-cv-3468; 07-cv-3469; 07-cv-3470; 07-cv-3471; 07-cv-3472; 07-cv-3473; 07-cv-3474; 07-cv-3475; 07-cv-3476; 07-cv-3477; 07-cv-3478; 07-cv-3479; 07-cv-3480; 07-cv-3481; 07-cv-3482; 07-cv-3484; 07-cv-3485; 07-cv-3486; 07-cv-3487; 07-cv-3489; 07-cv-3490; 07-cv-3491; 07-cv-3492; 07-cv-3493; 07-cv-3494; 07-cv-3495; 07-cv-3496; 07-cv-3497; 07-cv-3498; 07-cv-3499; 07-cv-3885; 07-cv-3943; and 07-cv-3944.

7. The parties shall bear their own attorney fees and costs except as agreed in the Settlement Agreements.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 20, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge